# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## EWALD V. CROCKETT AND ALS.

### August 16th, 1888.

1. JUDICIAL SALES—*Upset Bids.*—A substantial upset bid, well secured, put in before the confirmation of a reported sale, is as much a valid bid as if made at the auction, and cannot be disregarded by the court. *Todd* v. *Gallego M. & M. Co* , 84 Va. 586.

2. IDEM—*Advance Bid—Case at Bar.*—Where land has been sold under decree in creditor's suit, and reported on the same day as sold to the highest bidder for $10,100, and thereupon a person asks to be allowed to put in an upset bid of 10 per cent. advance, the bid should be allowed and the bidding opened to all.

3. IDEM—*Time to perfect bid—Case at bar.*—In such case, former bidder not having withdrawn his bid, the court being asked to act definitely in five days, twenty days were allowed for perfecting the upset bid by depositing money and giving bonds ;

HELD:
    No error.

Appeal from decrees of circuit court of Wythe county, rendered, respectively, March 17th and June 15th, 1888, in vacation, in the chancery suit of Irene Umberger against Robert Crockett and others, on a question arising therein between Stephen F. Ewald, the purchaser of the land at a sale thereof made and reported, under a former decree in the said suit, and Mrs. V. Crockett, who, before the confirmation of said sale, offered an advance bid, and was allowed time to perfect the same. Opinion states the case.

*J. H. Fulton,* and *W. R. Staples,* and *C. B. Thomas,* for the appellant.

*J. W. Caldwell,* and *James A. Walker,* for the appellee.

LACY, J., delivered the opinion of the court.

This suit was a creditor's suit to subject the lands of the defendant, Robert Crockett, to the payment of his debts. The proper accounts had been taken, order of priority ascertained, etc. After one abortive attempt to sell, not material to be set forth here, the land was offered for sale under the court's decree on the 12th day of March, 1888, and the appellant was the highest bidder, at the price of $10,100, for the "Loretta" tract of land. He complied with the terms of sale by paying down the cash payment, and executing his bonds for the deferred payments, with approved personal security; and his bid, etc., was reported to the court on the same day, when Mrs. V. Crockett, the wife of Robert Crockett, asked the court to allow her thirty days to put in an upset bid of ten per centum advance on the reported bid, and to perfect the same by giving the required bond, with suitable and acceptable security. This the court allowed, and on the 17th of the same month, during that term, rendered the first decree complained of, wherein it was decreed that the bid of Mrs. V. Crockett should be accepted and received, and that she should be allowed twenty days' time to deposit one-fourth of her bid into the hands of the commissioner, and to execute bond, etc.; and that if she made good her upset bid, then Ewald's money should be returned to him, and the commissioner should proceed to sell the land upon the basis of the upset bid. If the bid was not perfected in twenty days, then the sale to Ewald should be confirmed. The upset bid was made good, and the property again offered for sale, and bought at one dollar more than the upset bid, and was purchased by a third party. Whereupon the said Ewald applied to this court for an appeal, which was allowed.

The appellant assigns as error the refusal of the circuit court to accept his bid, and the acceptance by the court of the upset

bid of Mrs. V. Crockett, and the allowance to her by the court of twenty days to deposit the money and execute her bonds, claiming the right to have the land sold to him at his first offer, notwithstanding the upset bid of Mrs. V. Crockett. The principles governing the question involved in this appeal, and the practice concerning upset bids, were considered at length, and upon authority, in the late case of *Todd* v. *Gallego Mills Manufacturing Co., 84 Va.* 586, and need not be here again repeated. In that case it was said: "All the cases agree that the court must sell at the best price obtainable; and when a substantial upset bid, well secured and safe, for ten per cent. advance, is put in before confirmation, it is as much a valid bid as if made at the auction. This is the settled law of this court, and will doubtless so remain," etc. See the opinion in that case, and the authorities cited.

But it is insisted that the court erred in allowing the bidder twenty days to perfect her bid by depositing the money. Under the circumstances of this case there was no error in this. The first bidder, Ewald, did not ask to be allowed to withdraw his bid. The sale was made on the 12th of March, and reported on the same day to the court, and the court was called upon to act definitely on the question in five days. It was not an unreasonable delay under the circumstances, and it was the duty of the court to get the best price obtainable for the property, rather than to aid the appellant in getting a good bargain. The property was again exposed to public sale, and the appellant was afforded an opportunity to purchase if he was willing to give more for the property than anybody else, and he cannot reasonably ask more. We are of opinion to affirm the decrees appealed from, as they appear to be without error.

HINTON, J., dissented.

DECREES AFFIRMED.