# Richmond.

## TURNBULL V. MANN.

### DECEMBER 13, 1900.

1. CONTRACTS—*Incomplete on Face—Delivery—Presumption.*—In the absence of evidence to the contrary, the presumption is that a bond which names the obligors, but is not signed by one of them, and which has one more seal than signature, was delivered by all who signed it, and not that it was delivered by some of them to one, to be by the latter delivered when fully completed. If delivered by all, it is the binding obligation of all, unless, at the time of delivery, the condition upon which it was to become obligatory was made known to the obligee.

2. CONTRACTS — *Incompleteness—Delivery—Presumption.*—In the absence of evidence to the contrary, the presumption from an unconditional delivery of an instrument incomplete on its face, is that the incompleteness is waived.

3. CHANCERY PRACTICE—*Approving Acts of Receiver—Collateral Attack.*—A decree approving the action of a receiver of the court in a case where the court had jurisdiction of the subject matter and of the parties cannot be attacked in a collateral proceeding, but must remain in force until reversed on appeal, or by proper proceedings in that case.

4. JUDICIAL SALES—*Purchaser—Party.*—A purchaser at a judicial sale is a *quasi* party to the suit in which he purchases, and is bound by the decree of sale and subsequent decrees in the cause affecting his interest. He is obliged to pay his purchase-money as the court directs, and will be protected in so doing.

5. JUDGMENTS—*Collateral Attack—Evidence.*—A commissioner's deed of real estate, and the decrees of courts of competent jurisdiction under which the deed was made, are always admissible in an action of ejectment against a stranger to the suit, and cannot be attacked because of irregularities or error in the cause in which they are made.

6. TRUSTS AND TRUSTEES—*Debts Secured—Presumption of Payment—Statute of Limitations.*—The presumption of payment of a debt se-

cured by deed of trust arising from the lapse of twenty years is not affected by the passage of the act providing a statute of limitations for trust deeds. Acts 1897-'8, p. 516.

Error to a judgment of the Corporation Court of the city of Petersburg, rendered March 4, 1899, in a proceeding by motion, after due notice, to have certain debts secured by deed of trust marked satisfied, in which motion the defendant in error was the plaintiff, and the plaintiffs in erorr were the defendants.

*Affirmed.*

The opinion states the case.

*Willis B. Smith,* for the plaintiffs in error.

*Geo. S. Bernard* and *C. S. Stringfellow,* for the defendant in error.

PHLEGAR, J., delivered the opinion of the court.

After the decision of the cause of *Turnbull* v. *Mann,* 94 Va. 182, the Legislature so amended section 2498 of the Code of Virginia, as to provide that the county and corporation courts could, on motion of one who owns, or has an interest in, real estate, direct the release or discharge of a lien or encumbrance thereon, "upon proof that it has been paid or discharged, or upon its appearing to the court that more than twenty years have elapsed since the maturity of the lien or encumbrance, raising a presumption of payment, and which is not rebutted at the hearing." Acts 1897-'8, p. 936.

In January, 1858, John Jarratt and John Cole executed a deed of trust conveying the Jarratt Hotel property to secure three notes made by John Cole, the last of which fell due January 1, 1861, and which were held by the receivers of the Circuit Court for the city of Petersburg in the suit styled *Jarratt* v. *Hawthorne,* to which suit the plaintiffs in error, then under

age, were parties. These notes were given for a part of the purchase money for the hotel property which Cole had purchased at a sale made by commissioners in said suit.

The first two notes were paid, and the receivers were, by decree entered June 8, 1860, directed to pay the amount collected, and deliver the unpaid note to William Turnbull, who was authorized to collect it. The decree required Turnbull to give bond with certain prescribed conditions, and with security to be approved by the clerk, before he acted under the decree. The next day he gave a bond which named William Turnbull, Charles Turnbull, George W. Goodwyn and three others as obligors, and was signed by all except Charles Turnbull and George W. Goodwyn. A blank space and a seal were left just after William Turnbull's name. The clerk gave a certificate that a satisfactory bond had been executed, the receiver paid the money, delivered the note to William Turnbull, and reported the facts to court, and his report was confirmed at November term, 1860. Nothing more was done in the suit until 1870, when it was dismissed under the seven-years' rule.

The property, by sundry conveyances, has passed to John Mann, who, in November, 1899, gave notice that he would move the court to direct the lien of said trust deed to be released and discharged. William Turnbull, John Cole, and various other parties who had been interested, and who knew the facts, were dead, and Mann relied on the presumption of payment. The court directed the release and discharge; whereupon, Mrs. Turnbull and Mrs. Goodwyn, who would be entitled to the fund if the deed could be enforced, applied for and obtained a writ of error and supersedeas.

The first claim is that the act of March 3, 1898, cannot apply, because the controversy had already begun. This proceeding· was not begun until November, 1898. It was taken because of the statute.

Their principal reliance is on the claim that the bond given

by William Turnbull and others is invalid. Therefore, he could not collect the note, and, as there was no hand to receive the money, the presumption of payment is rebutted.

The only evidence, except the bond itself, the clerk's certificate, and the court's orders in the suit, which tends to throw any light on the question of the validity of the bond, is the testimony of one of the signers that he had no recollection of any understanding that George W. Goodwyn was to be one of the sureties, but that he had "an impression, not a perfect one," that it was understood between the sureties who did sign, that Charles Turnbull was to sign as a surety; that, if there was such an agreement, he was sure there was no agreement for his release.

This is not sufficient to invalidate the bond if the sureties were pleading *non est factum.*

There was no evidence tending to show that the bond was not executed and delivered by all the signers, to the clerk in his office. The endorsement by the clerk on the bond, "securities justified before me," although unsigned, is a strong indication that they were all present, and all delivered the bond. In the absence of other evidence, the presumption is that all the obligors delivered the bond, and not that it was delivered by the others to one to be by him delivered when fully completed. If it was delivered by all, it is the binding obligation of all, unless at the time of delivery the condition was made known to the obligee. The presumption from an unconditional delivery is that the intention which appears from the unfinished condition of the instrument is waived. *Ward* v. *Churn*, 18 Gratt. p. 813.

But, if the bond had been imperfect or not given at all, the court had approved the delivery of the note to William Turnbull by its receiver. It had jurisdiction of the matter, and, however erroneous its action may have been, if the bond was insufficient, the decree cannot be attacked in this collateral proceeding, but must remain in force until reversed on appeal, or by proper

proceedings in that cause. *Pennybacker* v. *Switzer*, 75 Va. 671; *Harrison et al.* v. *Wallton's Ex'r*, 95 Va. 721.

The force of this well established rule was sought to be avoided by the claim that John Cole was not a party to the suit of *Jarratt* v. *Hawthorne*, consequently, not bound by the decrees therein, and, if he is not bound, the plaintiffs in error are not bound *quoad* him.

John Cole was a purchaser of the property sold in said suit and as such was a *quasi* party. *Shirley* v. *Rice et als.*, 79 Va. 443. A purchaser is so far a party to the suit that he may appeal from an order confirming or refusing to confirm the commissioner's sale to him. *Todd* v. *Gallego Mills Co.*, 84 Va. 586; *Ewald* v. *Crockett*, 85 Va. 299. " Such purchaser seems to be universally regarded as a party to the suit, and, being such, is liable to be bound both by the terms of the decree under which he purchased, and by the subsequent decree of confirmation, * * * * or other orders touching the disposition of the property, or the purchaser's liability for the purchase money." Barton's Chy. Pr., Vol. 1, p. 170. The decree complained of was a disposition of the money which Cole owed—a direction how he should pay it. He could not disobey the order of the court, and should be protected when he obeyed.

While it is true that the plea of *res adjudicata* can be filed only by the parties to the suit in which the judgment was entered, or their privies, it is equally true that judgments of courts, where they do not undertake to adjudicate the existing rights of persons who are not parties to the suit, cannot be questioned in collateral proceedings, but are binding on the courts and on all persons so far as they affect the rights of those who were parties.

A commissioner's deed for real estate and the decrees of a court of competent jurisdiction, under which it was made, are always admissible in an action of ejectment against a stranger to the suit, and cannot be attacked because of irregularities or errors in

the cause in which they were made. *Thompson* v. *Tolmie*, 2 Peters, 157; *Grignon's Lessee* v. *Astor*, 2 How. 319.

In the last named case, Justice Baldwin said: " The purchaser is not bound to look further back than the order of the court. He is not to see whether the court was mistaken in the facts."

In *Harvey* v. *Tyler*, 2 Wall. 328, an action of ejectment, the plaintiff's title depended upon the effect of an order of the County Court of Kanawha exonerating the land from liability for delinquent taxes. The record of the proceedings in which the order was made was very defective. The Supreme Court of the United States held that the County Court order was conclusive, and could not be collaterally attacked by the defendant in the ejectment suit.

Hard indeed would be the lot of purchasers at judicial sales, if, in every controversy in which their lands became involved, the suit in which they purchased should be subject to review and retrial by every other court in which an action may be brought. The rights of the parties to the suit have been determined by the decree, and no one can afterwards question the propriety thereof in a collateral proceeding. The justice of this is, if possible, more apparent, when, as is the case here, the party complaining was a party to the suit, and could have appealed from the decree, or had it reviewed by petition, or by bill of review.

That the right to enforce the trust deed is barred by the presumption of payment which arises from the lapse of twenty years from the time the debt became due, unless that presumption is rebutted, cannot be denied. *Booker* v. *Booker's Adm'r*, 29 Gratt., 605; *Bowie* v. *Poor School Soc.*, 75 Va. 300.

The bar of this presumption is not affected by the fact that the Legislature, by act of February 24, 1898 (Acts 1897-'8, p. 316), provided a statute of limitations for trust deeds. *Brewis* v. *Lawson*, 76 Va. 36.

The only matter relied on by plaintiffs in error to rebut the presumption of payment is that no one was authorized to receive

the money from John Cole. That has been already disposed of, and it only remains to say that the judgment complained of is right, and should be affirmed, with costs and damages to the defendant in error.

*Affirmed.*