# Wytheville.

## MARYLAND CASUALTY COMPANY v. R. A. COLE.

June 18, 1931.

Present, Prentis, C. J., and Campbell, Holt, Gregory and Browning, JJ.

The opinion states the case.

*Vandeventer, Eggleston & Black,* for the plaintiff in error.

*Charles S. Grant,* for the defendant in error.

PRENTIS, C. J., delivered the opinion of the court.

R. A. Cole made a motion for judgment against the Maryland Casualty Company to recover the amount of a judgment for damages for personal injuries which one Alton Cain had recovered against a co-partnership, consisting of R. A. Cole and T. B. Rawls, trading as Cole & Rawls, his employers. He alleged that it was the duty of the company, under the terms of its policy, hereinafter described, to have defended the action of Cain against Cole & Rawls. In support of his motion, Cole introduced the record in the case of *Cain* v. *Cole & Rawls,* the co-partnership. The company denied all liability upon its policy. There was a judgment in favor of Cole.

These are the facts shown: The Maryland Casualty Company, on April 25, 1928, issued to R. A. Cole, a hauling contractor, through an agent of the company at Wilmington, N. C., a policy covering Cole's several trucks, described therein, for one year, April 25, 1928, to April 25, 1929. The policy covers public liability—that is, insurance against legal liability for bodily injuries or death of persons other than his employees—for which he paid a stated premium of $122.40, and also covered property damage to persons other than his employees, for which he paid a premium of $126.00. By the terms of an endorsement attached thereto, in consideration of a premium of $36.00, he was given insurance against legal liability to his employees engaged in the operation of any of the trucks described in the policy. One of the statements upon the basis of which the policy was issued is that the trucks were to be "principally maintained, garaged and used" at Bladen-

boro, N. C. Another of the statements upon which the policy was issued is that "all automobiles covered hereby are exclusively owned by the named assured," and R. A. Cole is named as the individual who is thereby assured. The policy expressly excludes all obligations assumed by or imposed upon the assured by any workmen's compensation law or plan.

After the policy had been in effect more than six months—that is, in December, 1928—the assured, Cole, who had before that time operated only in North Carolina, suspended all of his business there and moved all of his trucks and equipment to Norfolk county, Virginia, where they were used in the business of a hauling contractor until the summer of 1929.

On February 5, 1929, Alton Cain, one of the employees of Cole & Rawls, was injured while operating one of these trucks, and thereafter recovered a judgment against this co-partnership for the sum of $1,600.00 damages for his personal injuries.

While there was no workmen's compensation law in effect in North Carolina at the time the policy was issued, or at the time of the injury, the Virginia workmen's compensation law (Code 1924, sections 1887[1] to 1887[85]) was in effect at the time of the injury in Norfolk county.

The basis of this action is the failure of the Maryland Casualty Company to defend that suit of Cain against Cole & Rawls; and to pay the judgment entered therein. There is no claim that at the time the policy was written the agent of the insurance company was notified that the assured would or might move to Virginia, and no consent of the insurance company was obtained for the removal of the trucks to Virginia. The record does show that the North Carolina agent of the company who wrote the policy knew before the injuries to Cain that Cole had moved his trucks to Virginia. The North Carolina workmen's compensation law did not become effective until July 1, 1929, more than a year after the policy had been written, and about five months after the injuries to Cain.

The testimony for the company shows that it would not have written a policy covering such an injury to one of the employees of the assured other than the standard workmen's compensation policy, and it is clearly shown that the plaintiff only paid a premium of $36.00 for employer's liability—that is, common-law liability of an employer to an employee—and that at the date of the policy the premium in Virginia would have been $278.00, due to the difference in the risk assumed in the two States, the Virginia workmen's compensation law then being effective in Virginia.

A jury was waived, all matters of law and fact were submitted to the court upon certain exhibits, stipulations and the transcript of the testimony taken at a former trial of this case.

This statement shows the method by which the trial court reached the conclusion that the plaintiff was entitled to recover $1,458.00 of the company:

"Amount of the judgment of *Cain* v. *Cole & Rawls* .........................$1,600.00
"Amount of attorney's fee paid by Cole for defending the above suit.......... 100.00
—————$1,700.00
"Less the difference between:
"The premium which defendant company would have charged Cole on a workmen's compensation policy in Virginia, and ............................$ 278.00
"The amount paid by Cole for employers' liability coverage in North Carolina... 36.00
————— 242.00

"Net amount of judgment rendered for plaintiff..$1,458.00"

The company moved the court to set aside the judgment and to enter final judgment for the defendant, upon the ground

that it was contrary to the law and the evidence and without evidence to support it. The error assigned is based upon the refusal of the court to sustain either of these motions.

The record shows that the plaintiff, Cole, sought first to recover in an action instituted by him in the Court of Law and Chancery of the city of Norfolk. That action, it is stated in the petition, was heard in that court upon the same record as was presented in the Circuit Court of Norfolk county, except as to the stipulation of counsel and certain letters thereto attached, and that at the conclusion of the evidence in that court the trial judge (Hon. Richard McIlwaine) sustained the defendant's motion to strike out all of the plaintiff's evidence, on the ground that there was no liability on the defendant company, whereupon plaintiff took a non-suit and brought the pending action. The learned attorney for the plaintiff, Cole, shows that there is nothing in this record as to Judge McIlwaine's ruling, and contends that had the additional evidence, which is in this record, been presented to Judge McIlwaine, his ruling would have been different.

Though outside of this record, we may remark in passing that by many it has long been considered a great public evil that litigants can prosecute their cases to the point when they are met with an adverse ruling which determines the case against them, and thereupon can in that action take a non-suit and thereafter institute another action and litigate the same questions again in another court of concurrent jurisdiction. That litigation can be so prolonged where there are courts of concurrent jurisdiction in the cities of the State, imposes an undue hardship upon one of the litigants is apparent, and we venture the view that it should be forbidden by statute. A plaintiff who has fairly lost his case once in a trial court should be limited to his appeal from a ruling which he considers erroneous, and should not be permitted to reopen the case in another court of concurrent jurisdiction.

Returning now to this record: It is contended for the peti-

tioner that there are several questions involved, the solution of each of which is sufficient to defeat this action.

1. It is contended that there is no coverage under the policy issued on the basis of the statement that the trucks were to be principally maintained, garaged and used at Bladenboro, N. C., for a claim against the assured by one of his employees, arising out of an accident which occurred in Virginia, where the risk under the workmen's compensation law is entirely different and the rates much greater in the latter State.

We do not think it necessary to discuss this objection at length. For the decisive reasons hereafter stated, we think it unnecessary to do so. Certainly, a mere casual bringing of the trucks into Virginia, as a mere incident to its North Carolina business, should not of itself defeat a recovery under the policy.

In New Jersey, in *Sica* v. *Home Insurance Co.,* 8 N. J. Misc. Rep. 35, 148 Atl. 170, a case in which a fire insurance policy, issued in May, 1926, provided that an automobile usually kept in a garage located in New Brunswick, but from August, 1926, until the date of the loss, on April 1, 1927, was kept in various garages in Newark, the appellate court in reversing the judgment said: "It is not in dispute that for months the car was not kept in a private garage in New Brunswick. It is no more than reasonable that a fire insurance company should select the place of its risk.

"The words 'usually kept' have an ordinary meaning. A car may be usually kept in New Brunswick and yet be covered when it may be at some other point by reason of the owner's travel or convenience. But, if it is never kept in New Brunswick or not for nine months, by no stretch of imagination can it be said to be usually kept in New Brunswick.

"We are further of the opinion that the usual place of the risk was a warranty in the usual sense of that term * * *. If the insured desires to permanently place his property in a different locality, he can consult the insurance company about the change."

In *Lummas* v. *Firemen's Fund Ins. Co.*, 167 N. C. 654, 83 S. E. 688, 689, L. R. A. 1915D, 239, the policy provided that the automobile "shall at all times be kept or stored in the private garage * * * in the rear of residence No. 1212 Third avenue, Columbus, Ga." After the policy was written the owner removed the car to Charlotte, N. C., where it remained for four or five months. Later the owner removed to Columbia, S. C., where the car was destroyed by fire. The court held that the removal of the car from the State rendered the policy void, saying that: "Nothing is better settled than that the location of the property insured is essentially material in contracts of insurance and enters largely into the consideration of the company in fixing the premium."

It is shown here that the risk was entirely different because of the Virginia workmen's compensation law, and the rates were, therefore, much higher in Virginia than in North Carolina, where it was stated that the cars were to be principally maintained, garaged and used. In this case there was no incidental or temporary use of the cars in Virginia, but the removal was apparently permanent.

2. It is claimed that the company is estopped to rely on the statement that the trucks were to be principally used in North Carolina, because the agent of the company who wrote the policy knew that Cole was in Virginia, and, therefore, it became the duty of the defendant to notify the assured that the policy did not cover the property in Virginia, or be estopped.

We think this is quite insufficient to prove an estoppel against the company, and that the assured was charged with notice of the provisions of the policy as to all clear violations of its terms which occurred subsequent to the issuance of the policy. *Westchester Fire Ins. Co.* v. *Ocean View Co.*, 106 Va. 639, 56 S. E. 584; *Virginia Fire & Marine Ins. Co.* v. *J. I. Case Threshing Mach. Co.*, 107 Va. 590, 59 S. E. 369, 122 Am. St. Rep. 875; *North River Ins. Co.* v. *Lewis*, 137 Va. 322, 119 S. E. 43; *Palmetto Fire Ins. Co.* v. *Fansler*, 143 Va. 891,

129 S. E. 727; *Royal Ins. Co.* v. *Poole,* 148 Va. 363, 138 S. E. 487.

■■ 3. It is shown by the testimony introduced for the plaintiff, Cole, that the injury resulted from the operation of the truck, not by R. A. Cole, the assured, but by R. A. Cole and T. B. Rawls, partners trading as Cole & Rawls. We do not doubt that this is decisive of the case in favor of the company. The policy, in terms, only insures against accidents resulting from the ownership, maintenance or operation by the named assured, and provides that the qualified term "named assured" shall apply only to the assured named and described as such, and that assured person was R. A. Cole, an individual. The policy clearly did not protect Cole while the trucks were being operated by or for the co-partnership. The burden is upon the policyholder to bring himself within the terms of the policy. *General Accident, etc., Corp.* v. *Murray,* 120 Va. 126, 90 S. E. 620. In this case the evidence for the plaintiff not only failed to show that the accident arose out of the operation and maintenance by Cole individually, but, on the contrary, showed that it was due to the operation of the truck by Cain as the employee of R. A. Cole and T. B. Rawls, partners, trading as Cole & Rawls.

■■ The defendant's special plea No. 2 alleged that at the time of the accident the truck was being operated and maintained by the co-partnership, and, therefore, under Code, section 6126, had the plaintiff desired to require proof of this allegation, it was necessary for him to file an affidavit with the pleadings, putting that fact in issue, and, using the language of the statute, "denying specifically and with particularity that such property or instrumentality was at the time alleged so operated, owned, or controlled." No such affidavit has ever been filed in this case.

In *Green* v. *Lum,* 147 Va. 392, 137 S. E. 484, the plaintiff alleged that a car was being operated by Mrs. Randall and Green. The evidence showed that Mrs. Randall was at the

wheel. Green failed to file the affidavit referred to in this section, and a judgment against him was sustained on a demurrer to the evidence, this court holding that his failure to file the affidavit relieved the plaintiff of the burden of proving that Green was in fact operating the car at the time of the accident.

The only answer to this which is made by the plaintiff is that in the deposition filed in the former action in the Court of Law and Chancery of the city of Norfolk, read by consent as evidence in this case, the plaintiff denied the partnership. This is clearly insufficient. The judgment offered in evidence by Cole shows that the judgment here involved was obtained against the co-partnership, and this is a collateral attack by Cole upon the very judgment upon which his action is based. That Cole is estopped from making such an attack seems to be evident. *Turnbull* v. *Mann,* 99 Va. 45, 37 S. E. 288.

One of the exhibits filed and duly certified as part of this record is a copy of the testimony in the original action of *Cain* v. *Cole & Rawls,* and in that action Cole, himself, testified positively and distinctly that on the fifth of February, at the time of Cain's injury, he was a member of the co-partnership of Cole & Rawls, the defendants in that case, and that the partnership commenced the work in the prosecution of which Cain was injured in January preceding the date of Cain's injury.

In *Massie* v. *Firmstone,* 134 Va. 462, 114 S. E. 652, 656, this is said as to inconsistent statements by a party to the litigation: "As a general rule, when two or more witnesses introduced by a party litigant vary in their statements of fact, such party has the right to ask the court or jury to accept as true the statement most favorable to him. In such a situation he would be entitled to have the jury instructed upon his contention, or if there were a demurrer to the evidence, the facts would have to be regarded as established in accordance with the testimony most favorable to him. This is not true, however, as to the testimony which he gives himself. No litigant

can successfully ask a court or jury to believe that he has not told the truth. His statement of fact and the necessary inferences therefrom are binding upon him. He cannot be heard to ask that his case be made stronger than he makes it, where, as here, it depends upon facts within his own knowledge and as to which he has testified." *Davis Bakery* v. *Dozier,* 139 Va. 640, 124 S. E. 411, 415; *Bassett & Co.* v. *Wood,* 146 Va. 660, 132 S. E. 700.

The trial court, in this case, must have realized the essential weakness of the plaintiff's case when it undertook to deduct from the $1,600.00 judgment, which Cain had recovered against the co-partnership, the difference between the premium of $36.00 for the common law liability of the assured in North Carolina to his employee, and the sum of $278.00, which would have been the premium charged for a workmen's compensation policy in Virginia, thereby, in its consequences, first making and then enforcing a contract between the parties into which they had never entered. It is inexorably true that if the policy issued to the plaintiff, Cole, protected him against the injury occurring to Cain in Virginia, then he owed the company no additional premium therefor; while if the policy, as written and paid for, did not cover the accident to Cain, the court had no power to extend its provisions and justify that extension by requiring the assured to pay an additional premium after the alleged cause of action had arisen. It follows that if, in order to recover in this action, the assured owed an additional premium for which he was entitled to a new and different contract, then the insurance company is not liable on the contract which is the only basis for this action.

It is said that the testimony taken in the original suit of Cain against the co-partnership was never certified by the judge who tried that case, and, therefore, has no place in this record. It seems to us that a sufficient answer to that is that in this action the company offered to prove the substance of Cole's testimony in the original suit by the stenographer who

took it, and there is no reason to doubt that this could have been done. What we have is that the court permitted the company to file a report of the testimony in the first suit as an exhibit in this suit, and whatever fair criticism may be made as to the method by which it was made a part of this record, it is sufficient to show the inconsistent statements of the plaintiff, Cole. Whether this be true or not, the judgment of the trial court is clearly erroneous for the other reasons which we have stated.

There should have been a final judgment in favor of the company in the trial court, and such a judgment will be entered here.

*Reversed.*