INA JONES *et al. v.* THE STANDARD FIRE INSURANCE COMPANY OF HARTFORD, CONN.

(No. 8139)

Submitted November 5, 1935. Decided November 26, 1935.

*John E. Jenkins,* for plaintiff in error.
*Duncan W. Daugherty,* for defendants in error.

WOODS, JUDGE:

This is an action at law to recover $300.00 alleged due on contract upon a fire policy issued by the defendant insurance company to the plaintiffs. It was originally brought before a justice of Cabell County, and later tried *de novo* on appeal in the common pleas court of said county, the judgment in

each instance being $300.00. The circuit court having denied a writ of error from the latter judgment, defendant comes here.

It appears that on July 18, 1932, the Buckeye Savings & Loan Company, which held a mortgage on plaintiffs' property at 127 West Third Avenue, Huntington, West Virginia, wrote the soliciting agent for defendant company in the city aforesaid, requesting an $800.00 fire policy, stating in its letter "the property is described as 127 West 3rd Avenue." The following day a representative of the agency drove to the property, and from his car observed the construction, kind of roof, foundation, etc., of the dwelling abutting on the avenue, and upon such information a policy was that day issued "on the one-story metal roof frame building * * * situated," etc., and mailed to the loan company. The latter, after paying the premium, called upon plaintiffs for reimbursement. There were four other buildings located in back of the dwelling mentioned and described in the policy, all known as 127 West Third Avenue. The representative had no knowledge of the existence of these latter buildings prior to issuance of policy. In August, 1933, three of the buildings on the back of the lot were damaged by fire, and it is for this damage that the present action was instituted.

The insurance company contended on the trial, and reasserts its position here, that there was no mutuality, no meeting of the minds, and hence no contract. *Meadows* v. *Insurance Co.*, 104 W. Va. 580, 140 S. E. 552. And, in any event, no coverage of the damaged houses. The attorney for the plaintiffs, however, would apply the doctrine announced in *Coles* v. *Jefferson Insurance Co.*, 41 W. Va. 261, 23 S. E. 732, that where the facts regarding the risk are correctly stated to the agent but erroneously inserted by him in the application, the company is chargeable with his error or mistake.

Had the letter stated specifically that coverage was desired on the five houses at 127 West Third Avenue, the applicability of the principle laid down in the *Coles* case would have been presented. But, due to the general reference to the property, the representative of the insurance agency was, in the absence

of actual knowledge of existence of more than one dwelling, warranted in assuming the usual situation—one dwelling to a particular street number. The coverage of "the one-story metal roof frame building * * * situated," etc., not being co-extensive with that actually intended by the loan company, due to the too general description contained in the letter, constituted a counter offer, which had to be accepted before a valid contract was made. *Mutual Life Insurance Co.* v. *Young*, 23 Wall. 83, 23 L. Ed. 152; *Riordan* v. *Equitable Life Assur. Soc.*, 31 Idaho 657, 175 P. 586. The retention of the policy, and the payment of the premium therefor, under the circumstances presented, amounted to an acceptance of such counter offer. The loan company, by such actions, was charged with notice of the policy's contents, including the actual coverage. The mortgagors' rights are circumscribed by the act of their agent, the loan company. The coverage being on the dwelling facing the avenue, does not include the houses in the rear; hence the mortgagors are unable to bring themselves within the coverage, and have no right to recover thereunder. *Maryland Casualty Co.* v. *Cole*, 156 Va. 707, 158 S. E. 873. The action, therefore, falls.

*Reversed.*