# 𝔖taunton

## G. Mark French v. A. M. Phipps.

September 9, 1938.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*G. Mark French,* for the appellant.

*W. B. Phipps* and *E. J. Sutherland,* for the appellee.

SPRATLEY, J., delivered the opinion of the court.

This appeal arises out of certain proceedings had in the case of *Floyd County Bank* v. *Roland E. Chase, et als.,* in which a decree was entered directing the sale of all the real estate of Roland E. Chase. The sale of only one parcel containing two acres, known as the Ramey tract, is here involved.

The record before us is short and limited. It contains only so much of the original proceedings as relate to the sale of the two acres, directed to be copied therein by the plaintiff in error.

It appears that the land had been sold by special commissioners appointed in the cause to one, N. D. Howard, at the price of $800. Howard having failed to comply with the terms of his purchase, the land was ordered to be resold at his cost and risk. The commissioners proceeded, after due advertisement, to make the resale at public auction to the highest bidder for cash. The second sale was had on December 11, 1936. When the bidding had been run up to $260 by A. M. Phipps, G. Mark French bid the sum of $261. A. M. Phipps then bid $262, and French bid $263. A. M. Phipps raised his bid to $264, and thereupon French and R. L. Phipps bid $265. A. M. Phipps then bid $266. After the bidding had reached the sum of $260, offered by A. M. Phipps, one of the commissioners announced that he would not accept a raised bid with less than a $5 increase.

There is a conflict in the evidence as to whether the bids increased by $1 were cried out after the bid of $260 had been reached. The commissioners, however, announced that they would not accept the $266 bid of A. M. Phipps, and directed that the property be knocked down to G. Mark French and R. L. Phipps for the sum of $265.

The report of the commissioners recited the foregoing circumstances, with the statement that they refused to cry the bids increased by $1. It did not state that the bids offered were a fair and adequate price for the land, nor was a confirmation of the sale recommended. It did recite that A. M. Phipps, as a purchaser, and G. Mark French and R. L. Phipps, as purchasers, had made due tender of payment, in accordance with the terms of the sale. The commissioners stated that while they notified A. M. Phipps that his offer was refused, they would report, as they did, their view of the facts in connection therewith to the court.

A. M. Phipps filed exceptions, in writing, to the above report. He contended that the facts showed he was the highest bidder according to the terms of the sale, and that the action of the commissioners in limiting the amount of the bidding had stifled the bidding, and had caused the land to bring a price less than it would otherwise have brought. He filed the affidavits of two persons, present at the sale, supporting the facts and circumstances of his contention, including the fact that the bids with an increase of $1 were received until the sum of $265 had been reached. In reply thereto, French filed his own affidavit that the commissioners did not accept any of the bids with a raise of less than $5, even though the same were offered.

R. L. Phipps does not appear from the record to have taken any part in the proceedings subsequent to the day of sale.

It will be observed that no announcement was made at the beginning of the sale that there would be a restriction on the amount of the advanced bids to be received. The record does not show any objection in the trial court to the method of procedure to determine who was the highest bidder, or to the refusal of the court to confirm a sale.

The trial court, upon a consideration of the report, the exceptions thereto, and the evidence, sustained the exceptions, rejected all bids and refused to confirm a sale to either party. On March 12, 1937, it directed a sale for the third time.

French sat by silently, and entered no objection to the judgment of the court, nor did he ask for a suspension of the decree directing a sale for the third time.

The special commissioners, acting in accordance with the last mentioned decree, reported that they had sold, on May 14, 1937, the property to A. M. Phipps for the sum of $400, his being the highest and last bid therefor.

French excepted to this last report on the ground that the sale of December 11, 1936, was valid, and that no subsequent resale should have been ordered or held until final action could be had upon an appeal, which he alleged

he was then preparing for the purpose of securing a reversal of the decree of March 12, 1937. The trial court overruled the exceptions, and on June 22, 1937, confirmed the sale of the land to A. M. Phipps for $400. The petition for an appeal was not filed until September 2, 1937, nearly six months after the decree of March 12, 1937.

In addition, French contends in this court, for the first time, that A. M. Phipps did not properly become a party to this suit, and could not be heard to object to a confirmation of the sale made in December, 1936.

 One who undertakes to bid at a judicial sale submits himself to the jurisdiction of the court. If he is the successful bidder and the sale to him is confirmed, the court may enforce the sale according to its terms. Both parties here claim to be the highest and last bidder, and both allege compliance with the terms of the sale.

██ The general rule in Virginia and elsewhere is that the successful bidder at a judicial sale becomes a party, or at least a *quasi* party, to the proceeding. *Turnbull* v. *Mann*, 99 Va. 41, 37 S. E. 288; *Hildreth* v. *Turner*, 89 Va. 858, 17 S. E. 471.

██ Each had a right to ask to be made a party to the proceedings, and each could have followed the usual procedure prescribed by Virginia Code 1936, section 6096. While neither undertook to follow the statute, the record does not show any objection to the procedure followed. So far as the record shows, neither one asked to be made a party, nor is either one made a party by decree before us. In a qualified sense, A. M. Phipps was a party, not originally, but by reason of having filed his petition excepting to the special commissioners' report, and alleging that he was the highest and last bidder. Furthermore, by their actions and conduct, both A. M. Phipps and G. Mark French treated each other as parties to the cause, and the proceedings show that they were so regarded by the court. They may be here regarded as being made parties by consent.

There is no fraud or sharp practice alleged. The principles which apply to the instant case are very different

from those which govern an application to set aside sales which have been confirmed, or where upset bids, at an increased price, have been offered, or where there is a mere inadequacy of price. The principles which govern here are those which apply when irregularities attending the sale are based on mistake, misconduct, accident, confusion, or uncertainty on the part of some person connected with the sale, which has worked an injustice to some interested party. We have merely to consider the naked effect of the facts and circumstances surrounding the sale of December, 1936.

A special commissioner of a court to make a sale is a mere instrumentality of the court and exercises only the naked powers conferred upon him by the court's decree. A bid by a purchaser to the commissioner is a bid to the court. The highest bidder at a judicial sale makes only an offer to the court to purchase the property. The sale is made expressly to depend upon approval or confirmation by the court. The purchaser is simply a recommended or preferred bidder. His bargain is incomplete until his offer of purchase has been confirmed. All proceedings before confirmation are *in fieri* and under the control of the court. *Carr* v. *Carr*, 88 Va. 735, 14 S. E. 368; *Terry* v. *Coles' Ex'r*, 80 Va. 695.

It is essential that there should be no confusion attending the nature and character of the terms of sale, or the terms of bidding. The greatest care should be exercised to induce possible purchasers to attend such sales, to encourage a fair, open, and competitive bid, in order to obtain the highest possible price, and great care should be observed that the practice of the court in acting upon a report of sale should not be such as to deter or discourage bidders, but to inspire confidence in the stability of such sales. *Hamilton* v. *Bowman*, 138 Va. 443, 122 S. E. 342; *Moore* v. *Triplett*, 96 Va. 603, 32 S. E. 50, 70 Am. St. Rep. 882.

"Whether the court will confirm the sale, must in great measure depend upon the circumstances of each particular case. It is difficult to lay down any rule applicable to all cases; nor is it possible to specify all the grounds

which will justify the court in withholding its approval. If there is reason to believe that fraud or mistake has been committed to the detriment of the owner or the purchaser, or that the officer conducting the sale has been guilty of any wrong or breach of duty to the injury of the parties interested, the court will withhold a confirmation. Either party may object to the report, and the purchaser himself, who becomes a party to the sale, may appear before the court and have any mistake corrected." *Brock* v. *Rice,* 27 Gratt. (68 Va.) 812, 815, 816; *Carr* v. *Carr, supra; Terry* v. *Coles' Ex'r, supra.*

In view of the evidence relating to the circumstances of the sale on December 11, 1936, it is evident that there was a certain amount of doubt, uncertainty and confusion among the prospective purchasers. The report of the special commissioners indicates some recognition of that fact.

An announcement, during the progress of a judicial sale held at public auction, that no raised bids will be accepted unless the increase amounts to a specified sum, may be a matter of convenience to the auctioneer. It may not be to the advantage of the owner of the property. Such a limitation may not be unreasonable where the property offered is of great value, and the increase in the raised bid is very small, or trifling in comparison with the sum involved; but where the value of the property is relatively small, it is reasonable and proper to receive a bid with a small increase, in the absence of exceptional circumstances. The owner of the property, or the holder of a lien thereon, is entitled to the best price the property will bring. The prospective purchaser is entitled to the exercise of his discretion as to the price he is willing to pay therefor.

The trial court was not only in a position where it could fully appreciate the surrounding circumstances; but it was also aware of the fact that at a former sale held in this proceeding, the same property had been bid in at $800. The third and last sale for $400 represented an increase of 50 per cent over the price offered at the second sale. All of

these facts and the surrounding circumstances were for the sound judicial discretion of the trial judge.

Upon the application of the foregoing principles to the circumstances of this case, we are unable to say that the learned judge of the trial court abused the discretion vested in him. The decree appealed from is affirmed.

*Affirmed.*