# Richmond

FINE ACRES, INCORPORATED v. WILLARD P. WHITEHURST AND CHARLES E. JENKINS, COMMITTEE OF THE ESTATE OF EVELYN COLLINS HILL, AN INCOMPETENT.

April 26, 1965.

Record No. 5955.

Present, Eggleston, C. J., and Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.

*Howard I. Legum* (*Fine, Fine, Legum, Schwan & Fine,* on brief), for the appellant.

*William L. Parker* (*Paul W. Ackiss,* on brief), for the appellees.

EGGLESTON, C. J., delivered the opinion of the court.

Charles E. Jenkins, as committee of the estate of Evelyn Collins Hill, an incompetent, filed a bill in equity in the court below for the sale of valuable real estate owned by the incompetent. In due course a decree of sale was entered in which the court found "that it would be advisable to sell the real properties which are the subject matter of this suit by sealed bids, after advertisement, rather than by public auction." To effect the sale the decree appointed Jenkins "a Special Commissioner, with the authority to receive offers and submit them to the court for acceptance or rejection."

Pursuant to the direction of this decree, Jenkins prepared a notice of sale soliciting, at a specified time and place, sealed offers for the tract of land proposed to be sold, commonly known as "Sea Breeze Farm," in the city of Virginia Beach. The notice stated that the land was divided into two parcels by Little Neck road, one containing 71.229 acres and the other 123.7 acres. The notice, which was published in the local newspapers and circulated among various real-estate brokers, invited sealed bids for each tract separately and for the two as a whole. The bidders were required to designate the broker or brokers representing them in submitting their respective bids.

Among the eight bids submitted and opened at the designated time and place was one from Fine Acres, Incorporated, which offered $229,500 for the 123.7-acre tract, $124,500 for the 71.229-acre tract, and a total of $354,000 for the entire tract of 194.92 acres. This bid stated that "no real-estate broker" was involved. Another was from Willard P. Whitehurst, through his named brokers, who offered $234,007 for the 71.229-acre tract, $94,007 for the 123.7-acre tract, and $328,014 for the entire tract.

In the presence of all of the bidders and without objection from any of them, the commissioner permitted Whitehurst to amend his

bid to show that the offer of $234,007 was intended for the 123.7-acre tract and $94,007 for the smaller tract of 71.229 acres, leaving the offer of $328,014 for the combined tract of 194.92 acres as originally submitted.

The commissioner filed a report relating his advertisement of the property, the several bids which he had received, and his permitting the amendment to the Whitehurst bid. He recommended that should the court determine that he "did not exceed his authority" in permitting Whitehurst to "correct an error" in his bid, then the Whitehurst bid of $234,007 for the 123.7-acre tract and that of Fine Acres of $124,500 for the 71.229-acre tract should be accepted since they were the highest offers submitted; but should the court determine that he had exceeded his authority in permitting Whitehurst to correct his bid, then the offer of Fine Acres for $354,000 for the entire tract of 194.92 acres should be accepted.

Fine Acres filed exceptions to the report. There was an ore tenus hearing of the evidence relating to the exceptions, after which the lower court filed a written opinion rejecting the objections raised by Fine Acres to the validity of the sale. In accordance with this opinion, a decree was entered overruling the exceptions, confirming the report, and directing that the Whitehurst offer of $234,-007 for the 123.7-acre tract and that of Fine Acres of $124,500 for the 71.229-acre tract be accepted.

From this decree Fine Acres has appealed. In its assignments of error it makes the basic contentions that the lower court erred in (1) confirming the action of the commissioner in permitting Whitehurst to correct his bid for the property, and (2) not accepting its (Fine Acres') bid of $354,000 for the two combined parcels of land.

The first contention of the appellant, Fine Acres, is without merit. As has been said, when the sealed bids were opened it was found that Whitehurst had submitted an offer of $234,007 for the 71.229-acre tract and one of $94,007 for the 123.7-acre tract. As the commissioner stated in his report, it was "apparent" "that a mistake had been made [in this bid] as the larger offer was for the smaller and less valuable parcel." He confirmed this in his oral testimony at the hearing. Consequently, he said, in the presence of all of the bidders or their representatives, and without objection from anyone, he permitted the Whitehurst bid to be amended and corrected.

In its written opinion the lower court found "from the facts presented" that the manner in which the bid of Whitehurst had

originally been submitted was "plainly an error," and that his corrected bid should be considered.

On the present appeal Fine Acres argues that the act of the commissioner in permitting Whitehurst to amend his sealed bid was beyond his power and authority as embodied in the decree of sale under which he was acting. Hence, it says, the bid of Whitehurst for the two separate parcels of land should have been rejected by the lower court.

This contention misconceives the function and authority of the commissioner with respect to the sale of this property. It is well settled that the court and not the commissioner is the real seller at a judicial sale. The commissioner is merely the ministerial agent of the court and the medium through which the purchaser makes an offer of purchase to the court. A bid by a purchaser to the commissioner is a bid to the court. Until his offer of purchase has been accepted and confirmed the sale is incomplete. *French* v. *Phipps*, 171 Va. 133, 139, 198 S. E. 458, 460; *French* v. *Pobst*, 203 Va. 704, 709, 127 S. E. 2d 137, 140, 141; 11 Mich. Jur., Judicial Sales, etc., § 38, pp. 335, 336.

In the present case it was the function of the commissioner merely to receive the offers which he had for the property and transmit them to the lower court. This he did. He quite properly reported to the court the "error" which he found in the Whitehurst bid, the circumstances under which it had been amended, and left to the court to determine whether the amended bid should be considered. It was the function of the court and not that of the commissioner to determine what disposition should be made of the Whitehurst amended bid. The court met this responsibility and in the exercise of its discretion decided to accept and consider the amended bid along with the others. There was no error in such disposition of the matter.

In Fine Acres' next contention, that the lower court erred in not accepting its bid of $354,000 for the two combined parcels of land, it makes two arguments. First, it says, the decree of sale directed the commissioner "to receive offers and submit them to the court" for the "Sea Breeze Farm," "comprising 194.92 acres, more or less;" that under the terms of this decree the commissioner was empowered to offer the farm for sale as a single tract of land and not in separate parcels; and that since Fine Acres' offer of $354,000 for the entire tract was the highest bid therefor it should have been accepted.

We do not agree with this argument. In the first place, no such question was raised in the lower court. When the court had under

consideration the acceptance or rejection of the several bids no contention was made by Fine Acres, or any other bidder, that only bids on the entire property should be considered. Without objection, Fine Acres participated in the bidding, submitted offers for the separate parcels as well as for the whole, and was awarded the right to purchase one of the parcels. Thus, it is in no position to argue on appeal that it should not have been permitted to bid on the property in this manner.

In the next place, as has been said, the commissioner was merely the instrumentality who had the duty of reporting to the court what bids he had received for the property. In the absence of direction in the decree as to whether the property should be offered as a whole or in parcels, it was within the discretion of the commissioner to offer it for sale in that manner which, in his judgment, would bring the highest price. *Terry* v. *Fitzgerald*, 73 Va. (32 Gratt.) 843, 851; 11 Mich. Jur., Judicial Sales, etc., § 32, p. 332; 30A Am. Jur., Judicial Sales, § 85, p. 951; Annotation: 61 A. L. R. 2d 548.

It was the function of the court as the final seller of the property, and within its discretion, to determine whether it would consider the bids offered for the property in parcels as well as those offered for it as a whole. 11 Mich. Jur., Judicial Sales, etc., § 32, p. 331. After considering all of the bids it accepted that of Whitehurst for the larger tract and that of Fine Acres for the smaller, thus obtaining the highest price for the property, which is the controlling purpose and prime object of a judicial sale. 11 Mich. Jur., Judicial Sales, etc., § 31, p. 331.

Fine Acres next argues that its bid of $354,000 for the property as a whole should have been accepted because it was the highest net bid, since it was submitted directly and not through a broker, whereas the next highest bid was made through a broker and carried the necessary inference that if accepted such broker would be paid a real-estate commission out of the proceeds of sale.

In disposing of this contention the lower court, in its written opinion, aptly pointed out that there was no provision in the decree of sale or suggestion in the advertisement that any broker would be paid a commission out of the proceeds of sale. Nor is there any such provision in the decree confirming the commissioner's report and directing the sale of the larger tract of land to Whitehurst.

There is no error in the proceedings and the decree is

*Affirmed.*