## CIRCUIT COURT OF FREDERICK COUNTY

Worthington et al.

v.

Bolling et al.

June 11, 1984

Case No. (Chancery) 5286

By JUDGE ROBERT K. WOLTZ

The issue presented for resolution is whether to confirm the report of Special Commissioners of sale recommending against acceptance of an auction bid on real estate made by the intervenor, James R. Wilkins, Jr., or to accept the latter's bid for the real estate.

In this suit for partition Special Commissioners of sale were appointed to expose the subject realty to public auction. Little need be said about the property itself except that it consists of 500 acres on the side of a mountain, topographically very rough, isolated, remote, and wholly unimproved, without direct access to any public road and accessible only with difficulty by private roads or trails. Access is further complicated by questions as to the validity of rights of way to the property.

The two active Commissioners after advertising, as to which no question is raised, put the property up at auction. The sale, which took place in mid-December, was according to the Commissioner's report "well attended and the bidding was spirited." The intervenor made the highest bid of $130,000.00 or $260.00 per acre. Receiving no higher bid the Commissioners announced that the bid was inadequate and the sale was suspended without the property being knocked down to him. The active Commissioners in their report recommend against acceptance of this bid.

The high bidder filed exception to the Special Commissioners' report (which was not filed until April 19, 1984) and presented evidence *ore tenus* April 30, 1984. No particular purpose would be served by reviewing the evidence except to say it supported the bidder's claim that his bid was an adequate one. In proceedings prior to the decree of sale the landowners had introduced evidence indicating a fair market value of $400.00 to $500.00 per acre.

It is an elemental principle in the law of judicial sales that they are incomplete until confirmed by the Court. *Fine Acres, Inc.* v. *Whitehurst,* 206 Va. 66 (1965). A successful bidder has made only an offer to purchase which requires acceptance through confirmation by the Court before execution of the sale by conveyance of the property can be had. Obviously the acceptance or rejection of bids made at judicial sales is a highly discretionary act.

By process of elimination, first this is not a case involving a sale after its confirmation. Disturbing such a transaction is generally subject to the same limitations of law as apply in cases of completed sales between private parties, namely, for fraud, mistake or other cause cognizable in equity. *Coles* v. *Coles,* 83 Va. 525 (1887). Action in those instances is more dependent on principles of substantive law than on judicial discretion.

Second, this is not a case of an upset bid. Here there is no person who after the auction is over and confirmation of sale is sought arrives as a Johnny-come-lately and seeks to place a bid which he did not at the auction. Such a bid seeks to frustrate the action of a high bidder who competed openly and successfully with others. Much more discretion is open to a court in these cases than in those where sale has been confirmed.

Nevertheless courts should be cautious in accepting upset bids for a variety of reasons set out in *Dunn* v. *Silk,* 155 Va. 504 (1930). Among the more important are the equity lying with the successful bidder who thereby has laid himself liable to being judicially bound to his offer without opportunity to withdraw it prior to its rejection or confirmation and the encouragement rather than the "chilling" of bidding at judicial sales, which matters are bound up in a sound policy to promote the success and effectiveness of judicial sales. *Dunn* sets forth factors to be considered which circumscribe to

some extent the court's discretion to confirm or not confirm sale to the successful bidder. *See also Schweitzer v. Stroh*, 182 Va. 842 (1944).

In my view in the case at bar the Court is entitled to the exercise of a wider range of discretion than in cases involving upset bids though of course such discretion cannot be arbitrarily exercised. In this case there is evidence to support the adequacy of the intervenor's bid and there is no claim that the sale was improperly advertised or unfairly conducted. On the other hand, there was credible evidence valuing the property from about 50% to nearly 100% over the amount of his bid. Furthermore the property not being knocked down to him at the sale he was not put at risk of being bound there. Also of weighty significance is the fact that the Special Commissioners, admittedly counsel for owners of the property, have recommended against acceptance of the intervenor's bid. Except in unusual circumstances a court generally should place some reliance in those whom it has appointed its officers to carry out its directive to sell at judicial auction sales.

Bearing in mind that this is not a case of upset bid, that the Court's discretion is less constricted in this case than it would be in that situation, that there is a very wide discrepancy in the evidence as to fair market value, and that the Court's own appointees have recommended against acceptance of this bid, the Court will not accept it but order re-exposure of the property to public auction.

This may occasion some short delay in time and some relatively modest added expense. This action also results in the frustration of the efforts of the intervenor. Yet he will be as free as he was before to compete at the re-auction if he so desires. At re-sale should he be a bidder he will be put at risk of losing the purchase to another or of having to increase the amount of his bid to be successful. This is balanced by the possibility he may be successful at a lower bid and a risk by the owners that the second auction may prove less favorable to them. Under all the circumstances recited above I deem it appropriate that the market for this sale be re-tested through a new offering at auction.

Counsel for the owners will submit a decree rejecting the intervenor's prayer for relief and ordering re-sale at public auction.