# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## GREEN v. LUM.

### March 17, 1927.

1. PLEADING—*Negligence—Affidavit Denying Ownership or Control of Instrumentality—Section 6126 of the Code of 1919—Construction of Statute.*—Section 6126 of the Code of 1919 provides that "where a bill, declaration, or other pleading alleges that any person or corporation, at a stated time, owned, operated, or controlled any property or instrumentality, no proof of the fact alleged shall be required unless an affidavit be filed with the pleading putting it in issue, denying specifically and with particularity that such property or instrumentality was, at the time alleged, so owned, operated, or controlled." This statute is highly remedial and is to be liberally construed.

2. PLEADING—*Negligence—Affidavit Denying Ownership of Instrumentality—Section 6126 of the Code of 1919—Case at Bar.*—In the instant case, an action arising out of injuries to plaintiff when an automobile collided with him when riding a motorcycle, the motion for judgment charged that defendant, plaintiff in error and his daughter who was driving the car, "negligently and in breach of the ordinances of said city operated and ran a certain automobile into and upon the plaintiff," causing the injury and damage aforesaid. The defendants pleaded the general issue. The charge would have been sustained by proof that the driver was the servant of plaintiff in error and was operating the automobile as such servant, but under section 6126 of the Code of 1919, such proof was dispensed with unless plaintiff in error filed an affidavit under section 6126, denying that the automobile was owned, operated or controlled as charged. Plaintiff in error failed to file such affidavit.

   *Held:* That in the absence of such affidavit by plaintiff in error, it was not necessary to prove that the automobile was owned, operated or controlled by plaintiff in error.

Error to a judgment of the Circuit Court of the city of Norfolk, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Main defendant assigns error.

*Affirmed.*

The opinion states the case.

*Wolcott, Wolcott & Lankford* and *W. L. Devany, Jr.,* for the plaintiff in error.

*James G. Martin,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

This case involves the construction of section 6126 of the Code, the application of which arose in the following manner:

The plaintiff, Lum, was riding a motorcycle down Monticello avenue, in the city of Norfolk, and an automobile, with Mrs. Randall at the wheel, was approaching along the same avenue from the opposite direction, when she suddenly changed her mind at the intersection of Monticello avenue and Church street and bore off sharply to the left across Church street, and collided with Lum, causing him personal injury, and also damaging his wheel and other personal property.

Lum proceeded by motion for a judgment against Mrs. Randall and Arthur R. Green (the plaintiff in error) to recover for the injury and damages aforesaid. The notice of motion charges that the defendants "negligently and in breach of the ordinances of said city operated and ran a certain automobile into and upon the plaintiff," causing the injury and damage aforesaid. The defendants "pleaded the general issue," and Mrs. Randall filed as a written ground of defense, the contributory negligence of the plaintiff. The plaintiff introduced his evidence to which Green demurred, and there was a verdict against him for $2,000, subject to the opinion of the court on the demurrer to the evidence. Thereupon the plaintiff took a nonsuit as to Mrs. Randall, and the court overruled Green's demurrer

to the evidence, and entered judgment against him in favor of the plaintiff for $2,000.

Mrs. Randall is the daughter of Green, but it does not appear from the record in what capacity she was operating the automobile. It appears from the testimony that the collision was "entirely her fault."

[1] Section 6126 of the Code is as follows: "Where a bill, declaration, or other pleading alleges that any person or corporation, at a stated time, owned, operated, or controlled any property or instrumentality, no proof of the fact alleged shall be required unless an affidavit be filed ·with the pleading putting it in issue, denying specifically and with particularity that such property or instrumentality was, at the time alleged, so owned, operated, or controlled."

The section is a new section of the Code, modeled after the preceding section, which has long been in force, dispensing with the proof of handwriting in the cases therein mentioned, unless "denied by an affidavit accompanying the plea putting it in issue." The section is highly remedial and to be liberally construed.

[2] The notice charged that Mrs. Randall *and Green* "operated and ran" the automobile, and the charge would have been sustained by proof that, at the time of the collision, Mrs. Randall was the servant of Green, and was operating the automobile as such servant, but such proof was dispensed with unless Green filed the affidavit required by section 6126. No such affidavit was filed. If it had been, the plaintiff might have proved the relation of master and servant, or other facts which would have imposed liability upon Green. In the absence of the affidavit, no such burden was imposed upon the plaintiff.

The judgment of the trial court is plainly right, and will be affirmed.

*Affirmed.*