# Wytheville

HARRY VANDERGRIFT v. TERESA H. SUMMERALL.

June 16, 1932.

Present, Campbell, C. J., and Holt, Epes, Gregory and Chinn, JJ.

The opinion states the case.

*Alfred D. Smith, Oscar C. Thomas* and *Jesse M. Johnson,* for the plaintiff in error.

*Harry A. Shockey,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

This is an attachment proceeding brought to recover damages for an injury suffered in an automobile accident. A taxicab was attached. Its owner, a non-resident, made personal appearance. There was a verdict and judgment for the plaintiff, Teresa H. Summerall, in the sum of $590.00. The court ordered sale of the attached cab and directed that out of the proceeds arising therefrom said judgment be paid and the overplus, if any, be turned over to Harry Vandergrift, its owner and plaintiff in error, who, for convenience, will hereafter be referred to as the defendant.

Paul Herman, a deputy sheriff for Fairfax county, gives this account of what took place on the 16th day of July, 1930:

"A. On the Lee highway I noticed a car traveling at a high rate of speed. I followed it and started up to follow it at Maryville. I don't know whether the gentlemen of the jury know where Maryville is, but it is about three miles from there to Fairfax. I followed it and attempted to slow him up on the side of the road and stop him. He failed to do so and tried to run me off the road. He went on down towards the courthouse in Fairfax and I tried to stop him again, and he tried to run me off the road again. He went on down across the car tracks and he tried to run me up against the abutment. Then I started shooting at him. Then he went on down to the intersection of the road that goes to Manassas and Centerville and he hit another car, a Chevrolet coach, and turned over.

"Q. Can you state approximately the speed he was going?

"A. At times he was going sixty, and at other times he was doing better than sixty-five. Between sixty and sixty-five and sixty-six miles an hour.

"Q. At the time of the accident how fast was he going?

"A. Around sixty miles an hour."

The Chevrolet car was on the right of the highway and was about to turn into an intersecting road. In it was the plaintiff. She was injured painfully but apparently not permanently. There is no claim that the verdict is excessive. The cab was driven by one Redmond. Herman said he was drunk, but drunk or sober he was grossly negligent, and his negligence, if not conceded, is not denied.

Into the record is copied what purports to be the original petition for attachment filed as of August 5, 1930. Plaintiff's claim as there stated is: "For personal injuries sustained due to the negligent operation of automobile owned and operated by defendant or his agent or servant. See plaintiff's Exhibit '9' filed herewith and prayed to be read and considered a part of this petition."

Manifestly what is here described as Exhibit "9" is what elsewhere appears as Exhibit A; "9" and "A" as sometimes written may be readily confused. This is that exhibit:

"ATTACHMENT

"PLAINTIFF'S EXHIBIT A

"Filed with petition in attachment as amended.

"Filed Aug. 6, 1930.

"On to-wit the 16th day of July, 1930, your petitioner was a passenger in an automobile, operated and controlled by Leonidas Summerall, on, over and along the Lee Highway, at the fork of the Little River turnpike and the Lee Highway, in the direction of Warrenton, Virginia, at which time and place an automobile taxicab, owned, operated and controlled by the defendant, Harry Vandergrift, or his agent or his servant, acting within the scope of his employment and authority in and about the defendant's business, driving said automobile taxicab in the same direction, on said highway and at said time and place, did recklessly, carelessly and negligently and wantonly drive said automobile taxicab into and hit the automobile in which your

petitioner was a passenger and did cause your petitioner to suffer the damage as indicated below.

"Personal injuries to the body and nerves,

"Doctor bill,

"Medicine

"1 dress destroyed

"Petitioner will also ask for punitive damages.

"(Original filed Aug. 30, 1930.)

"Copy filed Sept. 16, 1930."

From this it appears that the exhibit was filed on August 6th, that it was filed on August 30th, and was filed with the petition in attachment, as amended, on December 23rd. To undertake to say when it was filed would be guess-work. On August 5th, plaintiff filed the bond as required by Code, section 6385, and on the same day the sheriff was directed to attach so much of the property of the defendant, Harry Vandergrift, as might be necessary to secure such judgment as should thereafter be entered. His return is:

"Executed the within attachment this 5th day of August, 1930, by serving a true copy thereof on Harry Vandergrift, in person, in Arlington county, Virginia, and further executed by levying on and taking into my possession 1 Diamond Taxicab, Engine No. 281985, model 1929, D. C. tag H 1050, after bond had been executed with approved surety.

"Given under my hand this 5th day of August, 1930.

"H. B. FIELDS,

"Sheriff, Arlington county, Va."

On August 28, 1930, the defendant filed this affidavit:

"Harry Vandergrift being first duly and lawfully sworn on oath, deposes and says, that he is the principal defendant in the above entitled cause and that he has a substantial defense to the merits of the plaintiff's claim.

"HARRY VANDERGRIFT."

Nothing else was done and in due course trial was had on December 23, 1930. This appears in an order then entered:

"This day came both parties and their counsel. Thereupon the plaintiff moved the court to amend her petition herein by inserting after the word servant in line fifteen of the said petition the words 'See Plaintiff's Exhibit "A" filed herewith and prayed to be read and considered a part of this petition,' which motion the court granted. Thereupon issue was joined."

But this exhibit, as we have seen, had already been marked "filed" as of August 6th, and as of August 30th. In any event, the court, under the authority of Code, section 6409, permitted the amendment to be made. To its action no exception was then or is now taken and no continuance was asked for.

■■ The order of December 23rd recites that issue was joined. There is nothing in the record to show that it was in fact joined, for defendant had done nothing except file an affidavit setting forth that he had a substantial defense, but he has no reason to complain of the fact that he was permitted to try his case upon its merits when he had failed to set up any defense. Of course it was still necessary for the plaintiff to prove by proper evidence her right to recover.

After plaintiff's evidence was completed the defendant offered to file an affidavit setting out the fact that the driver of the offending cab was not acting in the scope of his authority and was not his servant or agent and also offered evidence tending to prove those facts. This the trial court refused to permit him to do.

■ Code, section 6126, declares: "Where a bill, declaration, or other pleading alleges that any person or corporation, at a stated time, owned, operated, or controlled any property or instrumentality, no proof of the fact alleged shall be required unless an affidavit be filed with the pleading putting it in issue, denying specifically and with particularity that such property or instrumentality was, at the time alleged, so owned, operated, or controlled."

No such affidavit was filed, and so the plaintiff had the right to assume that agency was admitted and did not come prepared to prove it. Manifestly it would have been unfair to require her to do so after she had closed her case in chief. This is exactly the situation which the statute was designed to meet. It is remedial and should be liberally construed. *Green* v. *Lum*, 147 Va. 392, 137 S. E. 484. There Green rode with his daughter, Mrs. Randall, who drove the car. The court said that she was his servant, but that proof of that fact was not necessary because Green had failed to file the affidavit required by section 6126.

In the instant case proof was admitted tending to show that the reputation of the driver, Redmond, for sobriety was not good.

Plaintiff, in her original petition, sought to recover punitive damages, but that demand was afterwards definitely waived so that the jury had for its consideration only such as were compensatory. The reasonableness of the verdict is not questioned. If the plaintiff were only compensated for her hurt and if her injuries were due solely to the cab driver's negligence, his reputation for drunkenness is of little moment.

The defendant also objected to instructions given. The record merely shows as to them that "the defendant objected." This, under Rule 22 of this court, was plainly insufficient.

There are a number of other assignments of error, but they are inconsequential and cannot affect the merits of this case. We find in it no reversible error and it is affirmed.

*Affirmed.*