# Richmond

GERTRUDE ROBSON DRIVER V. DOROTHY BROOKS.

October 14, 1940.

Record No. 2319.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Williams, Robertson & Sackett,* for the plaintiff in error.

*Harold B. Singleton, A. Lynch Ward, Jr., L. H. Shrader* and *J. Tinsley Coleman, Jr.,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

Mrs. Dorothy Brooks instituted this action by a notice of motion for judgment against Gertrude Robson Driver, trading as Driver's Sales & Service, and Bernard Johnson to recover damages received by her in an automobile collision between a car in which she was riding as a passenger and a Plymouth car owned and driven at that time by Johnson. Mrs. Brooks will be herinafter referred to as the plaintiff and Mrs. Driver as the defendant.

The notice of motion contained two allegations of negligence against Mrs. Driver and Johnson, the allegations being stated in two counts.

The first count charged that Mrs. Driver, a dealer in motor vehicles, had, through her agents and representatives, negligently "handed a set of dealer's license plates" to Johnson to operate his unlicensed automobile upon the understanding and agreement that a car owned by him

would be brought from Bedford, Virginia, to the place of business of Mrs. Driver at Waynesboro, Virginia, and there traded in for another automobile owned by the latter; that Johnson was physically and mentally unfit to drive an automobile, being subject to fainting spells; that both Johnson and Mrs. Driver knew of his unfitness in this respect; and that thereupon and for the purpose mentioned Johnson "became and was," at the time of the accident complained of, "a *bona fide* employee and agent" of Mrs. Driver and acting under her instructions in connection with and incident to her business as a dealer in motor vehicles.

The second count was in the following language:

"And thereafter, to-wit, on the 21st day of May, 1939, at about 5:30 P. M., the plaintiff was riding as a guest in a certain, to-wit, Pontiac automobile, which was then being lawfully driven towards Lynchburg, Virginia, by one, to-wit, Ruby Tyler, over and along and to said Ruby Tyler's right of the center of a certain roadway in Amherst County, Virginia, to-wit, United States Highway No. 29, and the said Bernard Johnson was then and there driving the said Plymouth automobile, pursuant to his said instructions, over and along said highway in the opposite direction, namely, towards Waynesboro, Virginia; and the said Gertrude Robson Driver, by and through the said Bernard Johnson, then and there operated and controlled, and so operated and controlled at and during all the times herein mentioned and referred to, the said Plymouth automobile, and at and during all the times herein mentioned and referred to, said Bernard Johnson was driving and operating said Plymouth automobile as the agent of said Gertrude Robson Driver, pursuant to his said instructions."

The notice of motion concluded with allegations of the facts of negligence causing the collision and the nature and extent of the injuries suffered by the plaintiff. No bill of particulars or grounds of defense was requested by either party. Mrs. Driver and Johnson filed their pleas of not guilty, and the case came on for trial on the general issue thus made.

Counsel for Mrs. Driver, in his opening statement to the jury, stated that he expected the evidence to show that his client had no knowledge of any physical or mental unfitness of Johnson to drive a car, and that there was no causal connection between the use of the dealer's license plates and the collision between the two cars.

The plaintiff then presented to the jury the evidence of Mrs. Ruby Tyler, the driver of the car in which Mrs. Brooks was a front seat passenger, the evidence of Mrs. Brooks and of two other passengers, Mrs. Sallie Hendricks and Miss Odessa Hendricks. These witnesses, in effect, testified that their automobile was being driven carefully on their right-hand side of the highway on U. S. Route 29, from Amherst county to their home in Lynchburg, when suddenly and un-expectedly the car which Johnson was driving came from its right-hand side of the road across the highway over to its left, violently striking their car. Mrs. Tyler, in the effort to avoid the collision, applied her brakes and drove her car off to the right of the road, nearly off the highway to a bordering ditch.

Mrs. Hendricks, who was sitting with Miss Hendricks on the rear seat, said that when she saw Johnson he was com-ing "right on into us." He appeared to her to be "sitting under the wheel" and *"laying* over toward the side." Miss Hendricks said that when she first saw him he was sitting up straight in his seat and that his car was so close to her's that she "ducked" to the floor of her car. Mrs. Tyler said she was so busily engaged in pulling her car off to her right side of the road that she did not notice the position of Johnson in his car. Mrs. Brooks said Johnson was "sitting with both hands on the steering wheel," and that "His head was kind of drooped on his chest, but he was not *laying* on the steering wheel."

Mrs. Brooks further testified as to the nature of her in-juries and the extent of her damages. She was seriously injured, and there is no question raised as to the amount of her damages, nor as to the improper operation of the auto-mobile of Bernard Johnson.

The plaintiff rested her case with the above evidence. Thereupon the defendant moved that the plaintiff's evidence be stricken on the ground that it failed to show any connection between her and the injuries complained of, or to establish any liability upon her in proof of the case stated in the notice of motion.

The plaintiff admitted that she was unable to prove that Johnson was subject to fainting spells or that Mrs. Driver had any knowledge that Johnson was physically or mentally unfit to drive a motor vehicle. She contended, however, that by reason of the failure of the defendant to file an affidavit under Virginia Code 1936, section 6126, specifically denying the allegations of her notice of motion that Mrs. Driver "by and through the said Bernard Johnson, then and there operated and controlled, and so operated and controlled" the automobile as the agent of Mrs. Driver, proof of such alleged facts was dispensed with.

The trial court overruled the motion to strike the evidence. It then permitted the defendant and Johnson to offer evidence as to the circumstances under which the dealer's license tags were secured from the agents of Mrs. Driver, the circumstances surrounding the collision of the two automobiles, and the physical condition of Johnson to drive a car; but refused to admit any evidence tending to show that Johnson was not the agent of Mrs. Driver or that Mrs. Driver did not operate or control the car of Johnson.

Johnson testified that he had a car in Bedford, Virginia, which he contemplated trading to the defendant for another car. He had no 1939 plates for his car, and, after some negotiations with the representatives of Driver's Sales & Service, secured dealer's license plates from them for the purpose of going to Bedford and bringing his car back to the defendant's place of business at Waynesboro in order to make the trade.

Johnson said that he arose on the morning of Sunday, May 21, 1939, at five o'clock, and took a train to Bedford to get his car. He got the car, serviced it, and put the dealer's license tags on it. He visited a number of his friends and

relatives and, after having dinner, started back to Waynes-boro. While returning he ran into and collided with the car driven by Mrs. Tyler. He remembered making a short curve before reaching the curve upon which the accident occurred, but did not remember seeing the latter curve or the other car approaching, or "the impact or anything from then on until after I regained consciousness." He does not assert that he was feeling sick or faint before the collision or had any reason to believe he was about to swoon. He simply says of the collision, "I don't remember it."

Johnson further said that he had formerly testified in the trial justice's court, on a charge of reckless driving arising out of the same collision, that on the Monday preceding the collision he had a fall, but that the fall was due to working while suffering from a carbuncle on his left ankle. He, hesitatingly, replied in answer to a question as to whether he had then fainted, "Now, I don't remember whether I fainted or not. It is possible that I did." He admitted that he had made a prior statement in which he said, "I must have fainted." He finally said that he had fainted four or five times in his life; but that did not mean he was subject to fainting spells because his last fainting spell was five years ago and also came from a carbuncle or boil.

Another witness, Dr. Walters, who was following the car driven by Mrs. Tyler, first saw the car of Johnson when he was seventy-five yards behind Mrs. Tyler's car. He said Johnson's car was approaching on the short side of a curve very close to the edge of the road, and that it appeared that his "wheel struck the rough edge of the road and he had no control and just shot across" to the left of the road directly in front of and into the car of Mrs. Tyler. This witness said that it appeared to him that Johnson's head, when he first saw him, was "halfway the windshield, and hanging over the wheel."

As a result of the collision, Johnson's head was cut and bleeding. He was badly shocked. His pulse was so bad that he was kept lying by the side of the road until his head

had been bandaged and he was sufficiently recovered to be taken to a hospital.

The agents and representatives of Mrs. Driver said they gave the dealer's license plates to Johnson, together with a written permit, provided for by Virginia Code 1936, section 2154 (69), to use for the purpose of bringing his car to their place of business, in the hope that they could trade automobiles with him, that they had no definite or positive trade agreement with Johnson or other interest in the trip that he made, and that they had no notice to cause them to suspect that Johnson was unfit to drive an automobile.

The jury were instructed, over the objection of the defendant, not to consider any of the evidence as tending to show that the car driven by Johnson was not operated or controlled by or for Mrs. Driver.

At the completion of all the evidence, the defendant again moved the court to strike it on the grounds formerly stated and upon the further grounds that it failed to reveal any actionable negligence as to her or to show the relationship of master and servant between her and Johnson. The motion was overruled. Thereupon she moved that she be allowed to file an affidavit under Code, section 6126. This motion was overruled upon the ground that it came too late to be granted.

The trial court gave five instructions to the jury without objection, including one defining an unavoidable accident and telling the jury that if they believed "from the evidence that this accident was caused by the defendant, Bernard Johnson, fainting or losing consciousness and that such fainting or loss of consciousness could not reasonably be foreseen, then the accident was an unavoidable accident and the jury should find for the defendants."

The plaintiff again stated that she did not object to the court telling the jury that there was no evidence in the case that Mrs. Driver or her agents knew or had any reasonable cause to believe that Johnson would very likely faint, and that she did not rely for a recovery on the count

in her notice of motion that Mrs. Driver had knowingly employed an incompetent servant. The defendant not joining in this suggestion, no such statement was made to the jury by the court.

The jury returned a verdict against both Mrs. Driver and Johnson in the sum of $2,000. To the judgment against Mrs. Driver a writ of error was granted. Johnson has not appealed from the judgment against him.

The defendant contends that the allegations of the notice of motion do not justify the application of Virginia Code 1936, section 6126, and that even if it be held applicable, the defendant is nevertheless not liable due to her lack of knowledge of the incompetency of Johnson to operate the automobile and because the evidence does not establish actionable negligence on the part of Johnson.

■ We have been frequently called upon to construe and apply the provisions of this statute.* We have consistently held it to be remedial and hence to be liberally construed to effect its purpose.

In *Green* v. *Lum*, 147 Va. 392, 137 S. E. 484, Green was the occupant of a car driven by his daughter, Mrs. Randall. The notice of motion alleged that Mrs. Randall and Green "operated and ran" the automobile. It did not appear from the record in what capacity she was acting, but it did appear from the evidence that the collision was "entirely her fault." Said Judge Burks, speaking for the court: "No such affidavit was filed. If it had been, the plaintiff might have proved the relation of master and servant, or other facts which would have imposed liability upon Green. In the absence of the affidavit, no such burden was imposed upon the plaintiff."

---

* "6126. *When proof of ownership etc., unnecessary unless affidavit is filed.*—Where a bill, declaration, or other pleading alleges that any person or corporation, at a stated time, owned, operated, or controlled any property or instrumentality, no proof of the fact alleged shall be required unless an affidavit be filed with the pleading putting it in issue, denying specifically and with particularity that such property or instrumentality was, at the time alleged, so owned, operated, or controlled."

In the case of *Vandergrift* v. *Summerall*, 158 Va. 725, 164 S. E. 718, the defendant filed no affidavit of denial of ownership, control, or operation of the car involved in an accident but only an affidavit setting forth that he had a substantial defense. After the plaintiff's evidence was completed, he asked to be allowed to file an affidavit that the driver of the car was not acting in the scope of his authority and was not his servant or agent, and also offered evidence tending to prove those facts. This the trial court refused to permit him to do. In affirming the judgment of the trial court, Mr. Justice Holt said: "No such affidavit was filed, and so the plaintiff had the right to assume that agency was admitted and did not come prepared to prove it. Manifestly it would have been unfair to require her to do so after she had closed her case in chief. This is exactly the situation which the statute was designed to meet. It is remedial and should be liberally construed. *Green* v. *Lum,* 147 Va. 392, 137 S. E. 484."

In *Maryland Casualty Co.* v. *Cole,* 156 Va. 707, 158 S. E. 873, it was said that, in an action against a partnership, for a member of a partnership to require proof of the specific allegations that a truck was being operated and maintained by the partnership at the time of the accident it was necessary for him to file an affidavit with the pleadings, "denying specifically and with particularity that such property or instrumentality was at the time alleged so operated, owned, or controlled," in order to put that fact in issue.

In *Carlton* v. *Martin,* 160 Va. 149, 168 S. E. 348, it was held that since the notice of motion contained no specific allegation that Mrs. Martin, one of the three defendants, owned, operated, or controlled the automobile involved in the accident, section 6126 had no application.

In *Kirn* v. *Bembury,* 163 Va. 891, 178 S. E. 53, it was likewise pointed out that the notice of motion contained no specific allegation that Kirn, as distinguished from another defendant, owned, operated, or controlled a certain truck.

In *Lough* v. *Lyon, Inc.,* 168 Va. 136, 190 S. E. 290, it was held that the statute was not applicable because recovery

was asked on the basis of the relation of master and servant between the defendant and the plaintiff, and the duty of the master to provide a safe place for his servant, the plaintiff, to work.

In the instant case it would seem that the plaintiff had the provisions of the statute in mind when she alleged that "Mrs. Gertrude Robson Driver, by and through the said Bernard Johnson, then and there operated and controlled, and so operated and controlled * * * , the said Plymouth automobile, * * * and * * * , said Bernard Johnson was driving and operating said Plymouth automobile as the agent of said Gertrude Robson Driver, * * * ." Thus, in positive, specific and explicit terms, Mrs. Driver was charged with the operation and control of the property and instrumentality involved in the collision. This allegation constituted, in the language of the statute, "the fact alleged," of which "no proof * * * shall be required unless an affidavit be filed with the pleading putting it in issue, denying specifically and with particularity that such property or instrumentality was, * * * so * * * operated or controlled." Otherwise "the fact alleged" is not put in issue.

The allegations in the case before us are readily distinguished from *Carlton* v. *Martin, supra,* and *Kirn* v. *Bembury, supra.* Here, the specific allegations above quoted made the provisions of the statute applicable.

Mrs. Driver next contends that Johnson was not chargeable with negligence because the collision was a result of an unexpected fainting spell, and hence she cannot be held responsible as his principal or master.

In *Cohen* v. *Petty,* 62 App. D. C. 187, 65 F. (2d) 820, it was held to be the law that where the driver of an automobile is suddenly stricken by an illness, which he has no reason to anticipate and which renders it impossible for him to control the car, he is not chargeable with negligence. In that case, there was positive evidence that the driver of the car, who did not know and who had no reason to think he would be subject to a fainting attack, suddenly called out that he was feeling sick. He immediately fainted, his head

fell back, and his hands left the wheel. It was held that he was not liable for the subsequent uncontrolled motion of his car causing a collision.

In the instant case, the irregular movements of Johnson's car were undeniably the sole cause of the collision. These movements fully evidenced negligent action on the part of Johnson, unless it were shown that a sudden unforeseen illness caused him to lose control of the car. The burden of such proof, in explanation of his conduct, rested upon the defendants. The evidence in that connection is of doubtful and inconclusive character.

There is no affirmative evidence that Johnson suffered a fainting spell immediately prior to the collision. Johnson himself does not so testify, nor does he assert any cause or physical condition indicating or suggesting a feeling of faintness or other illness at or immediately before the time of the collision. He resented the suggestion that he was subject to unexplained fainting spells. While he admitted fainting on former occasions, he attributes the cause therefor to some temporary physical infirmity existing at such times.

The evidence does not show whether Johnson's actions on that fateful day were due to drowsiness, to carelessness, or to a fainting spell. It does not show whether his lack of memory as to the circumstances of the collision was a result of fainting or of the severe shock suffered by him in the collision, a condition frequently occurring in the latter case. It falls far short of supporting the contention of Mrs. Driver in explanation of the conduct of Johnson. Liability for acts constituting negligence is not removed by a mere statement of the *tort-feasor* that he does not remember the circumstances. The jury were justified in finding that the collision was not an unavoidable accident.

The briefs contain considerable argument as to the effect of the permitted use of the dealer's license plates. The use of such plates is governed by Virginia Code 1936, sections 2154 (69) and 2154 (82). In substance, it is provided that such plates shall be used only on motor vehicles

operated in connection with the dealer's business or on a dealer's vehicle operated by a *bona fide* prospective purchaser thereof. Any other use is unlawful and punishable as a misdemeanor.

The plaintiff does not contend that the mere use of the license plates imposed liability on Mrs. Driver. In view of what has been heretofore said, it is unnecessary to consider whether or not the permission to use the plates, under the circumstances, constituted or made Johnson an agent of Mrs. Driver or tended to show that the Plymouth automobile was being used in connection with her business. The plaintiff relies for her right of recovery upon negligence in the operation and control of an automobile by Mrs. Driver, through her agent or servant, Johnson.

Instruction Y, requested by the defendant and refused by the trial court, is erroneous in that it directed a verdict for the defendant upon a partial view of the evidence. It is also based on an allegation upon which the plaintiff disclaimed a right of recovery. The instruction failed to take into consideration the operation and control of the automobile by Mrs. Driver. The sole pertinent question of the physical condition of Johnson, as related to his actions and conduct at the time of the collision, is set out in the instruction defining an unavoidable accident and its effect.

For the foregoing reasons, we are of opinion to affirm the judgment of the trial court.

*Affirmed.*