Stewart, J.
If defendant was conscious during his driving, up to the point of the collision, he was without question guilty *598 of negligence as a matter of law since lie unquestionably violated a specific safety statute in driving his automobile over onto his wrong side of the road. The only difference between negligence as a matter of law or per se and negligence as a matter of fact is that the former is the violation of a specific requirement of a statute, whereas the latter must be determined by a comparison with the conduct of an ordinarily prudent person under the same or similar circumstances as those from which negligence is claimed.
In the case of negligence per se, the court charges the jury that if it finds that the specific requirement of a statute was violated, it must find negligence, whereas in ordinary negligence the jury must do the comparing with the conduct of an ordinarily prudent person.
In order to base a recovery upon either kind of negligence, it must be shown that it was the proximate cause of the injury, and any contributory negligence directly contributing to such injury will defeat such recovery.
Defendant claims, likewise, that if a person driving an automobile with due care becomes unconscious from an unforeseen cause, and during such unconsciousness his automobile collides with another, causing injury or damage, he is absolved from liability and the burden of proof is upon the one seeking recovery for such injury or damage to show negligence and that the driver was conscious. Furthermore, defendant claims that because his testimony as to his unconscious condition and the corroborating testimony of his witnesses on that point was uncontradicted, he was entitled to a directed verdict; that, therefore, the trial court was guilty of an abuse of discretion in granting plaintiff a new trial; and that the Court of Appeals should have passed upon his motions for judgment instead of remanding them to the Common Pleas Court for consideration.
We are of the opinion that the Common Pleas Court did not abuse its discretion in granting a new trial but that the Court of Appeals could, within its discretion, have passed upon the motions for judgment instead of remanding them.
The Common Pleas Court, in charging the jury, stated as follows:
“However, before I go into these questions, one by one, the *599 court says that the plaintiff in this case, Doris Lehman, has the burden of proof. To state that conversely, there is no obligation upon the defendant, Earl Haynam, to offer evidence to disprove anything until first Doris Lehman has offered such evidence which tends to disprove.
‘ ‘ Doris Lehman has the burden of proof and she must prove her claims by a preponderance of the evidence, that is, the greater weight of the evidence. ’ ’
In its opinion, the Common Pleas Court stated:
“At no point in the charge is that statement as to the burden of proof qualified so that, in fact, the court told the jury that the plaintiff had the burden of proving that the defendant did not suffer a loss of consciousness as the defendant claimed to have. Manifestly, this was incorrect and was prejudicial to the rights of the defendant. ’ ’
Defendant claims that at best the failure of the trial court to charge on the burden of proof as to unconsciousness was a mere omission, and that under the law error can not be predicated upon an omission unless it is brought to the court’s attention and a proper charge requested.
Although we have held in several cases that a mere error of omission or a desire for a fuller charge must be brought to the court’s attention in order to form a basis for a claim of prejudicial error, there was an entire failure upon the part of the trial court in the present case to properly charge upon the burden of proving the unconsciousness of defendant, the only fact which would have exonerated the defendant. In addition, the statement of the court that there was no obligation on defendant to offer evidence to disprove anything until plaintiff had offered evidence which tended to disprove, is dangerously near stating the proposition for which, indeed, defendant contends, to wit, that plaintiff must disprove defendant’s unconsciousness while driving before she can prevail.
In our opinion, such is not the law.
The rule with reference to unconsciousness being a defense against a claim of negligence is well stated as follows in 28 A. L. R. (2d), 35:
“By the great weight of authority, an operator of a motor vehicle who, while driving, becomes suddenly stricken by a *600 fainting spell or loses consciousness from an unforeseen cause, and is unable to control the vehicle, is not chargeable with negligence or gross negligence. Stated differently, fainting or momentary loss of consciousness while driving is a complete defense to an action based on negligence (and a fortiori to an action based on gross negligence) if such loss of consciousness was not foreseeable. ’ ’
Then follow supporting cases from 20 jurisdictions. The cases seem to be somewhat in conflict as to whether plaintiff in such an action has the burden of showing that the driver causing an accident is conscious, or whether the burden is upon the driver claiming unforeseen unconsciousness to prove it.
In our opinion the latter rule is the most salutary.
It would be difficult, if not impossible, for a plaintiff to prove a defendant conscious, and particularly to prove that if he were unconscious whether such condition was foreseeable, such as sleepiness or an intoxicated condition, or resulted from an unforeseen cause.
In our opinion, if one was guilty of what would be negligence as to a conscious person and claims not to have been negligent because of an unforeseen unconsciousness, he should have the burden of proving his condition by the preponderance of the evidence.
We approve the rule stated as follows in the headnotes, and corroborated in the opinion, in the case of Driver v. Brooks, 176 Va., 317, 10 S. E. (2d), 887:
“Where the driver of an automobile is suddenly stricken by an illness which he has no reason to anticipate and which renders it impossible for him to control the car, he is not chargeable with negligence.”
The case holds further that irregular movements of a car, evidencing negligent action of its driver and being the sole cause of a collision, are actionable “unless it were shown that a sudden unforeseen illness caused him to lose control of the car,” “and the burden of such proof, in explanation of his conduct, rested upon the defendants.”
From what we have said, we are of the opinion that the trial court did not abuse its discretion in granting a new trial, *601 and that the Court of Appeals was not in error in dismissing the appeal, on the ground that there is no final order.
With reference to defendant’s motion for judgment on the pleadings, we have heretofore decided that, where a case is tried as though all issues were controverted and no attention is given to the fact that no reply was filed to the answer of the defendant, and where no motion is made for judgment on the pleádings or to the introduction of evidence because a reply-had not been filed, the filing of a reply is waived and such failure is not available on review. Totten v. Estate of Miller, 139 Ohio St., 29, 37 N. E. (2d), 961.
The present case was tried under such circumstances.
If a motion for judgment oh the pleadings is filed prior to a retrial of the present cause, doubtless the trial court will grant leave to plaintiff to file a reply.
As to the three motions for final judgment for defendant, which were remanded by the Court of Appeals to the Common Pleas Court for consideration, we have said that in our opinion the Court of Appeals could, within its discretion, have disposed of them, and by the same reasoning this court, in its discretion, may so do.
We find such motions not well taken.
The burden is upon defendant to prove his defense of unforeseen unconsciousness, and, although no one contradicted in haec verba defendant’s testimony that he blacked out from an unforeseen cause, nevertheless, his claim was hotly disputed. There were bits of evidence from which the jury might have found that it had a basis for not believing defendant or that his unconsciousness was due to drowsiness.
It would be an unrealistic situation if a driver claiming that he blacked out must be believed as a matter of law, because another driver could not positively say that the first driver did not black out.
In our opinion a jury question is squarely presented in the present case, and we, as the Court of Appeals could have done and as the Common Pleas Court should have done, overrule the motions of defendant for judgment.
It can be considered that in dismissing such motions the *602 Common Pleas Court did so, even though for an incorrect reason.
The judgment of the Court of Appeals is modified and, as modified, affirmed, and the cause is remanded to the Court of Common Pleas for a new trial.

Judgment modified and, as modified, affirmed and cause remanded.

Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Taft, JJ., concur.