117 So.2d 442 (1959)
Oscar Henry TARKOFF, Appellant,
v.
Fred S. SCHMUNK, Jr., As Administrator of the Estate of Carroll Enoch Burgess, Deceased, Appellee.
No. 821.
District Court of Appeal of Florida. Second District.
December 18, 1959.
Rehearing Denied February 3, 1960.
James J. Linus of McCune, Hiaasen, Kelley & Crum, Fort Lauderdale, for appellant.
Harrison D. Griffin of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
SHANNON, Judge.
The appellant-plaintiff appeals from the entry of a summary judgment below in a negligence action. The plaintiff has stated three points on this appeal, but it is necessary to answer only one of them, and that is whether or not the testimony of Doctor Faircloth is sufficient to show that prior to the collision with plaintiff's vehicle the defendant's decedent suffered a sudden unforeseeable vascular cerebral attack without premonition or warning of his physical condition.
The facts themselves are quite simple, but the application of the facts to the question of law involved on a summary judgment is somewhat more complicated. At the time of the accident, which occurred during the daylight, the plaintiff was proceeding in an easterly direction on a multilane highway, while the defendant's decedent *443 was traveling in a westerly direction in the outer lane on the same highway. Some thirty feet east of an intersection the deceased's car came over from his lane, crossed the street, and collided with the left front side of the plaintiff's vehicle. Defendant's decedent died in the hospital some five days after the accident without regaining his full consciousness. The amended complaint charged negligence, and the defendant denied the negligence and averred that the sole proximate cause of the accident was the negligence of the plaintiff. The defendant moved for a summary judgment and in support of his motion relied on certain depositions. Among these depositions was that of Doctor Robert S. Faircloth, who testified upon examination that he had occasion to see the deceased on December 29, 1956, and on January 3, 1957, and that the next time he saw deceased was in the emergency room at the hospital approximately five days before his death. The doctor's diagnosis at the time he saw him in the hospital was that he had suffered a spontaneous cerebral vascular accident, from which he subsequently expired. He further testified as follows:
"Q. Doctor, I don't think you answered the question as to whether or not you had resolved the question in your own mind as to whether or not the cause of the man being in the hospital was due to the accident or due to some other cause. A. The cause was a spontaneous cerebral vascular accident preceding his automobile collision.
"Q. Do you have any way of knowing, Doctor, just how long before the accident this cerebral vascular accident occurred? A. Just a few moments."
The physician, Dr. Faircloth, was not an eye-witness to the accident, and hence to support the summary judgment the issue revolves around his statement to the effect that the defendant's decedent had his stroke a few moments before the accident.
Keeping in mind that the summary "judgment or decree sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law," (Rule 1.36(c), Florida Rules of Civil Procedure, 30 F.S.A.), on this motion for summary judgment the plaintiff is entitled to all favorable inferences of fact from the proofs proffered. In 6 Moore's Federal Practice, 2d ed., par. 56.15(3), p. 2123, it is stated:
"The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Since it is not the function of the trial court to adjudicate genuine factual issues at the hearing on the motion for summary judgment, in ruling on the motion all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. * * *."
Under this rule, which has been followed by the Supreme Court of Florida and by this Court many times, the question as to the exact time, with reference to the automobile accident, that the deceased suffered the cerebral attack is quite important. In other words, it may have been a causative factor; whereas, if the cerebral attack had occurred contemporaneously with or following the accident it would not have been a causative factor. If there was evidence in this case which could not be contradicted that the cerebral attack preceded the automobile *444 accident, summary judgment should stand on this record. But if, on the other hand, there are any inferences of fact from which a contrary view could be taken, then in view of the rule of law quoted above a summary judgment should not be entered. In the present case, after studying the affidavits, we conclude that the summary judgment must have been predicated on the opinion of Dr. Faircloth that the plaintiff suffered the stroke a few moments before the automobile accident. This was, at best, an opinion or speculation by him as to the exact time of the occurrence of the vascular accident without any predicate upon which to base it. We have held that affidavits on motions for summary judgments should set forth admissible evidence. In Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404, at page 409, Judge Kanner states,
"* * * The affidavits should set forth facts which would be admissible at trial, though every statement need not meet this test. Where an affidavit contains incompetent and inadmissible matter, such as hearsay testimony and opinion testimony and legal conclusions that would not be admissible if testified to at a trial, the whole affidavit should not be disregarded, but the court should disregard the incompetent and inadmissible matter and give consideration to the competent and admissible portions. See Dickheiser v. Pennsylvania R. Co., D.C. 1945, 5 F.R.D. 5; and Moore's Federal Practice, 2nd ed., Vol. 6, pp. 2327-2329."
Needless to say, at a trial any such testimony as to the exact time of the occurrence of the vascular accident itself, where as here, it is material, would not be allowed into evidence unless and until a proper predicate had been laid.
Both sides have cited to us many cases from Florida and other jurisdictions dealing with the factual situation that we have in the instant case, but these cases do not point up the particular facet which we are discussing.
The summary judgment entered by the lower court is reversed.
Reversed.
ALLEN, C.J., and WHITE, JACK F., Associate Judge, concur.