## HATZ v. WEISS.
### No. 62-L-4876.
Circuit Court, Dade County.
May 24, 1963.

William Wagner of Nichols, Gaither, Beckham, Colson & Spence, Miami, for plaintiff.

Milton R. Adkins of Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for defendant.

HENRY L. BALABAN, Circuit Judge.

This cause is presently before the court upon the defendant's motion for summary final judgment. The court has heard the arguments of counsel and has received and considered letter memorandums on the applicable law and has reviewed the depositions of the plaintiff and defendant and the answers to interrogatories, the certified copy of the plea of guilty, and other pleadings and affidavits in the file.

The description of the accident given by the plaintiff in his deposition is clearly sufficient to create a prima facie case on the issue of the defendant's negligence. The plea of guilty is addi-

tional evidence of the defendant's negligence. In the absence of explanations by the defendant, it is clear that the defendant would not be entitled to a judgment in his behalf as a matter of law. The defendant, however, relies upon his deposition and answers to interrogatories to establish that immediately prior to the collision he suffered a sudden unexplained blackout or dizzy spell which caused him to lose control of his motor vehicle. He states that he had no premonition or warning of the spell and that he had never suffered a similar spell at any time prior to the accident. He states that he believes that the spell was the result of his use of some nose drops on the morning of the accident but he denies that the use of these drops had ever previously resulted in any similar occurrence. The defendant denies having been examined or treated by any physician following the accident or anytime since coming to this country from Cuba in August of 1961. The plaintiff has not offered any clear evidence to contradict the statements by the defendant. It should be noted, however, that the defendant has offered no evidence to corroborate his explanation of the cause of the accident.

The defendant takes the position that the evidence of his sudden, unforeseeable blackout or dizzy spell stands uncontradicted; that proof of such a sudden, unforeseeable blackout or dizzy spell constitutes a complete defense; and that he is therefore entitled to judgment in his favor as a matter of law.

It appears clear that a sudden mental or physical incapacity which is unanticipatable and unforeseen will constitute a good defense in actions such as these, for, as stated by the Supreme Court of Florida in Bridges v. Speer, 79 So.2d 679 (1955), at page 681 —

"It is not even simple negligence if one has a sudden attack, loses control of his car and causes an accident if he had no premonition or warning. In such event, the very foundation of negligence — knowledge and hence foreseeability — is absent".

It is equally clear, however, that where the defendant relies upon such a defense, he assumes the burden of proving the defense by a preponderence of the evidence. This rule has been firmly established in Florida in the case of Malcolm v. Patrick, 147 So.2d 188. In that case the Second District Court of Appeal held at page 192 —

"Where a plaintiff establishes a prima facie case of negligence, the burden of proof is cast upon the defendant to show the sudden physical or mental incapacity and further to show that it was unanticipatable and unforeseen. Keller v. Wonn, 1955, 140 W.Va. 860, 87 S.E.2d 453; Driver v. Brooks, 1940,

176 Va. 317, 10 S.E.2d. 887; Lehman v. Hayman, 1956, 164 Ohio St. 595, 133 N.E.2d. 97".

The court in the Malcolm case, supra, goes on to point out exactly what burden is placed upon the defendant. At page 193 the court states —

"We have stated the rule as being that loss of consciousness is a good defense when there is no premonition or warning. In asserting this defense, the defendant assumes the burden of proof. There are two essentials which one must establish in order for the defense to be a valid one, (1) the sudden mental or physical incapacity, and (2) the unanticipatable and unforeseen nature of such incapacity. Plaintiff here was called upon only to establish a prima facie case of negligence; it was not incumbent upon her to prove that there had been no forewarning but instead it was upon the defendant to go forward with the proof of his defense".

The defendant has not presented such clear and convincing proof in support of his defense as to entitle him to judgment in his favor as a matter of law. A close examination of the deposition of the defendant and the answers to interrogatories signed by him will reveal minor discrepancies in his description of the occurrence of the accident. In addition, it will be noted that he pled guilty to the violation of a provision of the Code of Metropolitan Dade County relating to careless driving with which he was charged at time of the accident.

Even assuming that the above discrepancies and guilty plea were satisfactorily explained by the defendant, it does not follow that the defendant would be entitled to a judgment in his favor as a matter of law. The plaintiff is not bound by the defendant's unsupported testimony attempting to explain the cause of the accident. See Busser v. Sabatasso, 143 So.2d. 532 (Fla. Third District, 1962). To hold that the plaintiff was bound by the defendant's testimony as to a sudden loss of consciousness or sudden dizziness would be to require the plaintiff to disprove statements of the defendant concerning the defendant's own mental processes. It would give to any person involved in an automobile accident an absolute defense which in most, if not all cases, could not be disproved by the innocent injured party. In cases such as these it should be for the jury to determine whether or not the defendant's explanation is to be believed. While I find no Florida cases directly in point, I have noted that the case of Lehman v. Hayman, 1956, 164 Ohio St. 595, 133 N.E.2d 97, was cited with approval by the Florida court in Malcolm v. Patrick, supra. The Lehman case specifically considered a defendant's claim that because his testimony as to his unconscious condition and the corroborating testimony of his witness on that point was uncontra-

dicted he was entitled to a directed verdict. The Ohio court noted that —

"It would be difficult, if not impossible, for a plaintiff to prove a defendant conscious and particularly to prove that if he were unconscious, whether such condition was foreseeable, such as sleepiness or an intoxicated condition, or resulted from an unforeseen cause.

" . . . It would be an unrealistic situation if a driver claiming that he blacked out must be believed as a matter of law, because another driver could not positively say that the first driver did not black out".

See also the Florida cases of Tarkoff v. Schmunk, 117 So.2d 442 (Fla. Second District 1959) and Williams v. Frohock, 114 So.2d 221 (Fla. Third District 1959).

For the reasons herein stated and upon the authorities cited above, it is therefore considered, ordered and adjudged that the defendant's motion for summary final judgment should be and the same is hereby denied.