## 18129

Gloria BOYLESTON, Respondent, v. Marjorie B. BAXLEY, as Administratrix of the Estate of John Bunyan Baxley, Appellant

(133 S. E. (2d) 796)

*Messrs. James J. Bush, Jr.,* of Barnwell, and *Henderson, Salley & Cushman,* of Aiken, *for Appellant,*

*Messrs. Blatt & Fales,* of Barnwell, *for Respondent,*

December 3, 1963.

BRAILSFORD, Justice.

This is an appeal from a judgment for plaintiff for personal injuries incurred in a collision between an automobile

driven by her and one occupied by John Bunyan Baxley and Noah Baxley. Both of the Baxleys were dead after the collision. Plaintiff has no recollection of the accident or of events leading up to it. Apparently, there were no other eye witnesses.

The automobiles approached the scene from opposite directions. The physical evidence showed rather clearly that the Baxley car was out of control for five or six hundred feet before reaching the point of impact, which was on the right shoulder of the highway in plaintiff's direction of travel.

Appellant, in effect, concedes that lack of control of the movement of the Baxley car caused the collision and imputes no fault to plaintiff. Instead, she contends that the evidence was insufficient to show that her intestate, John Bunyan Baxley, was the driver of the car; hence, that the circuit court erred in refusing her motion for a directed verdict on this ground.

While there was no direct testimony that J. B. Baxley was driving at the time the car went out of control, the evidence was clearly sufficient to support this conclusion. The automobile belonged to his wife. Shortly before the collision, he and Noah Baxley left a filling station about three miles from the scene. He was driving and Noah was seated on his right. A witness met the Baxley car about one mile from the scene. He recognized J. B. Baxley as the driver and estimated his speed at from 80-85 miles per hour. Another witness met the Baxley car as it entered the curve on which the accident occurred. He did not know the parties and could not identify the driver. However, he testified that the car was traveling about 80 miles per hour and that the right wheels were on the dirt shoulder. Several witnesses, who had known Noah Baxley well for some 30 years testified that they had never seen him drive an automobile. This evidence took the question of which occupant was the driver "out of the realm of conjecture and into the field of legitimate inference from estab-

lished facts." *Fuller v. Bailey*, 237 S. C. 573, 118 S. E. (2d) 340, and authorities therein cited.

A physician, who examined the body of J. B. Baxley shortly after his death, testified that the major injury found was a broken neck, which was sufficient to, and in the witness' opinion did, cause death. On cross examination, the witness admitted that the only way to establish a cause of death as a scientific fact, excluding all other possible causes, is to perform an autopsy, which was not done. Therefore, the witness admitted that he could not be certain that the deceased did not suffer a heart attack prior to the collision, although he had no reason to believe this to be true.

Anticipating that appellant's counsel might attempt to argue to the jury that the intestate may have died of a heart attack prior to the accident, respondent's counsel moved that any such argument be excluded. The trial judge sustained the motion and this ruling is the basis of one of appellant's exceptions, which charges that appellant was prejudiced "by the refusal of the Trial Judge to allow counsel for the defendant to argue to the jury as a reasonable inference to be drawn from all of the testimony the matter of whether or not defendant's intestate was actually alive or dead at the time of the happening of the accident specified in the Complaint."

The exception is without merit because it erroneously assumes the existence of evidence from which a reasonable inference that the driver suffered a heart attack could be drawn. The natural inference from the evidence is that the intestate was killed in the collision. There is no evidence weighing against this inference and none tending to establish that the driver was not in possession of his faculties when the automobile went out of control.

> We recognize the principle that "the operator of an automobile is not ordinarily chargeable with negligence because he is suddenly stricken by a fainting

spell, or loses consciousness from some other unforeseen cause, and is unable to control the vehicle." 5A Am. Jur., Automobiles and Highway Traffic, Sec. 223, page 365. However, one who relies upon this principle, in explanation of apparently negligent conduct, has the burden of proving sudden incapacity. *Ibid:* at page 366; *Driver v. Brooks,* 176 Va. 317, 10 S. E. (2d) 887, 892. "Of course, before the operator can be exonerated under this rule, the evidence must have been sufficient to prove sudden loss of consciousness." Annotation, 28 A. L. R. (2d) 12, 22.

Under their oaths, the jurors had no right to deny plaintiff a recovery, to which the evidence showed her to be entitled, on mere surmise, speculation or conjecture that appellant's intestate may have lost control of the automobile because of sudden incapacity; nor did counsel have the right to argue that they should do so. The ruling of the trial judge simply fulfilled his duty to require counsel to confine their arguments to the issues raised by the pleadings and evidence, and was clearly correct.

Finally, the appellant contends that the court erred in refusing to grant a new trial upon the ground that the verdict of $45,000.00 was excessive. After carefully considering the rather full testimony relating to plaintiff's grievous injuries and their consequences, we are satisfied that the verdict is well within the range of what any intelligent, fair minded jury might have arrived at as reasonable compensation. We have no hesitancy in concluding that the trial judge correctly exercised his discretion in refusing a new trial on this ground. No useful purpose would be served by reviewing the evidence on this issue, which has not been done in appellant's brief.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.