662 S.E.2d 464

**Calvin Ben COLLINS, Appellant,**

v.

**Mark Conrad FRASIER, Respondent,**
**Case No.: 2004–CP–21–488.**

**Faye B. Collins, Appellant,**

v.

**Mark Conrad Frasier, Respondent, Case No.: 2004–CP–21–489.**

**No. 4385.**

Court of Appeals of South Carolina.

Submitted May 1, 2008.

Decided May 6, 2008.

Rehearing Denied June 26, 2008.

Stephen J. Wukela, of Florence, for Appellants.

Michael Mills Nunn, of Florence, for Respondent.

KITTREDGE, J.

This case arises out of a motor vehicle accident where the vehicle driven by Mark Frasier crossed the centerline and struck Calvin Collins's vehicle. Calvin and his wife, Faye,

sued Frasier for the resulting injuries and loss of consortium. The jury returned a verdict for Frasier after finding he suffered a sudden, unforeseeable incapacity to operate his vehicle. The Collinses appeal the trial court's denial of motions for a directed verdict, judgment notwithstanding the verdict, new trial, or to alter or amend the verdict. We affirm.[1]

In *Boyleston v. Baxley*, 243 S.C. 281, 284–85, 133 S.E.2d 796, 797 (1963), the South Carolina Supreme Court held a vehicle operator is not ordinarily chargeable with negligence when he suddenly losses consciousness due to an unforeseen cause.[2] The court in *Boyleston* assigned the burden of proving such incapacity to the defendant. 243 S.C. at 285, 133 S.E.2d at 797. The appeal before us today turns on whether Frasier presented sufficient evidence to create a jury question as to whether he suffered a sudden, unforeseeable incapacity to operate a vehicle. We hold Frasier presented evidence which removed his sudden, unforeseeable incapacity defense from the realm of conjecture into the field of permissible inference. As a result, the trial court properly presented the defense to the jury and committed no error in refusing to set the verdict aside.

We find the Collinses' reliance on *Howle v. PYA/Monarch, Inc.*, 288 S.C. 586, 344 S.E.2d 157 (Ct.App.1986) unavailing. In *Howle*, the jury rejected the defendant driver's defense of sudden, unforeseeable incapacity and found for the plaintiff. *Id.* at 588, 344 S.E.2d at 158. The trial court denied a motion for a judgment notwithstanding the verdict by the defendant driver. *Id.* at 589, 344 S.E.2d at 158. This Court affirmed the trial court after reviewing the evidence and all inferences reasonably deducible in the light most favorable to the non-moving party, which is the applicable standard of review. *Id.*

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. The supreme court specifically recognized "the principle that 'the operator of an automobile is not ordinarily chargeable with negligence because he is suddenly stricken by a fainting spell, or loses consciousness from some other unforeseen cause, and is unable to control the vehicle.' " *Boyleston*, 243 S.C. at 284–85, 133 S.E.2d at 797 (quoting 5A Am.Jur. *Automobiles and Highway Traffic* § 223 (Supp.1963)).

The driver in *Howle* suffered from diabetes for over thirty years, missed a meal, and appeared to be ill when dealing with a customer prior to the accident. *Id.* at 589–90, 344 S.E.2d at 158–59. Because a question of fact was presented, the trial court correctly presented the defense of sudden, unforeseeable incapacity to the jury. The point is that in *Howle,* as in the case before us, a jury question was presented. There will always be examples where claims and defenses prevail in one factual setting but not in another. Juries resolve questions of fact, just as the jury did in *Howle* and the jury did in the case before us.

■ In this case, the jury specifically found Frasier experienced "a sudden unforeseeable incapacity to operate his vehicle." The only question we must answer is whether there is any evidence to support this finding. We find the record contains, ample support for this finding. Frasier testified he felt fine while driving until suddenly he felt all of his energy drain and saw fuzz. Frasier's family doctor, Dr. Robert Richey, was qualified as an expert in internal medicine. Dr. Richey testified to his knowledge Frasier had not exhibited signs of fainting prior to the accident. Following the accident, Dr. Richey administered a glucose tolerance test. The test indicated Frasier suffered from hypoglycemia. Dr. Richey explained a hypoglycemic event can result in loss of consciousness and the medicine Frasier was taking at the time of the accident could mask hypoglycemia.

■ We agree with the Collinses that a defendant's own, self-serving testimony is insufficient by itself to create a question of fact as to the defense. However, this is simply not the case here. Frasier did not merely testify he blacked out. In addition to Frasier's testimony regarding the event, the record includes Dr. Richey's testimony about a likely cause of the incapacity, Frasier's lack of history with this illness, and the potential masking of the symptoms by Frasier's other medications. Further, the Collinses find fault with the jury's assessment of the weight and credibility of the evidence in light of the conflicting testimony. The issue of credibility is for the jury alone. *Parsons v. Georgetown Steel,* 318 S.C. 63, 67, 456 S.E.2d 366, 368 (1995) (stating the credibility and weight of testimony is for the trier of fact).

In sum, Frasier provided sufficient proof of sudden, unforeseeable incapacity to create an issue of fact for the jury. Therefore, no error occurred when the trial court denied the Collinses' motions for directed verdict, judgment notwithstanding the verdict, new trial, and motion to alter or amend. The judgment of the trial court is

**AFFIRMED.**

ANDERSON and HUFF, JJ., concur.