**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1009**

CALVIN BEN COLLINS,

       Plaintiff - Appellant,

    v.

AUTO-OWNERS INSURANCE COMPANY,

       Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:09-cv-00696-TLW)

Submitted:  June 30, 2011        Decided:  July 14, 2011

Before KING, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen J. Wukela, WUKELA LAW FIRM, Florence, South Carolina, for Appellant.  Charles R. Norris, NELSON MULLINS RILEY & SCARBOROUGH LLP, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Ben Collins appeals the district court's order granting summary judgment in favor of Auto-Owners Insurance Company ("Auto-Owners") and dismissing Collins's claims for breach of contract and bad faith refusal to pay an insurance claim. On appeal, Collins has abandoned his breach of contract claim and argues solely that the court erred in granting summary judgment on his bad faith claim. Finding no error, we affirm.

In 2002, Collins was involved in a vehicular accident with Mark Frasier, who did not have insurance. Frasier lost consciousness while driving, veered into oncoming traffic, collided with several vehicles, and caused injury to Collins and others. Collins was insured by Auto-Owners under three uninsured motorist policies of $500,000 each. Following the accident, Collins made claims totaling $1.5 million, but Auto-Owners declined to pay these claims. Collins ultimately brought suit against Frasier in South Carolina court; the litigation was captioned Collins v. Frasier. Auto-Owners, as the carrier of Collins's uninsured motorist liability coverage, defended the suit.

Prior to trial in Collins v. Frasier, Collins's attorney and attorneys for Frasier and Auto-Owners engaged in extensive settlement negotiations. Collins demanded several different amounts during the course of the negotiations, but

2

never less than $1 million. Auto-Owners offered $100,000, although there is evidence in the record that at least one Auto-Owners claims adjuster valued the claim at $150,000. Auto-Owners believed that Frasier had legitimate defenses to both liability and damages, and thus did not offer a greater settlement amount. Collins insisted that Auto-Owners' fair evaluation of his claims was considerably higher than $100,000 and accused his insurer of bad faith. Auto-Owners believed that Collins's demands were excessive, and thus would not offer a higher amount.

The jury ultimately returned a verdict for Frasier, finding that he had suffered a sudden, unforeseeable incapacity to operate his vehicle and was thus not liable to Collins. See Collins v. Frasier, 662 S.E.2d 464, 465 (S.C. Ct. App. 2008). This verdict was affirmed on appeal. See id. In 2006, during the pendency of Collins v. Frasier, Collins sued Auto-Owners in state court for breach of contract and bad faith failure to settle an insurance claim. Auto-Owners removed the case to the district court pursuant to the court's diversity jurisdiction.

In the district court, Collins argued that Auto-Owners breached the insurance agreement and acted in bad faith. The district court granted summary judgment in favor of Auto-Owners, dismissed the claims, and this timely appeal followed.

3

We review *de novo* a district court's order granting summary judgment, viewing the facts and inferences in the light most favorable to the nonmoving party. Rowzie v. Allstate Ins. Co., 556 F.3d 165, 167 (4th Cir. 2009). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment will be granted unless "a reasonable jury could return a verdict for the nonmoving party" on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Under South Carolina law (which governs the substantive questions at issue in this diversity suit), an insurer that unreasonably refuses to settle a claim with an insured within policy limits is subject to liability in tort. Tyger River Pine Co. v. Md. Cas. Co., 170 S.E. 346 (S.C. 1933). "[I]f an insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under their mutually binding insurance contract, he can recover consequential damages in a tort action." Nichols v. State Farm Mut. Auto. Ins. Co., 306 S.E.2d 616, 619 (S.C. 1983). Because, under South Carolina law, a bad faith action exists separately from an action in contract, a bad faith claim may exist even in the absence of any violation of an insurance contract provision. See Tadlock Painting Co. v. Md. Cas. Co., 473 S.E.2d 52, 55 (S.C. 1996).

4

The elements of a bad faith refusal to pay a claim action are

> (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damages to the insured.

Howard v. State Farm Mut. Auto. Ins. Co., 450 S.E.2d 582, 586 (S.C. 1994).

We have reviewed the record, including the parties' correspondence and Auto-Owners' internal memoranda, and we cannot conclude, on these facts, that Auto-Owners acted in bad faith. It is clear that even before the jury's verdict in Collins v. Frasier, Auto-Owners had legitimate reservations about the validity of Collins's claims. In contemporaneous memoranda and letters to Collins's attorney, Auto-Owners' attorneys and claims adjusters expressed their belief that Frasier had meritorious defenses to both liability and the extent of Collins's damages. While Collins (and his attorney) clearly believed that Collins was entitled to more than the $100,000 offered by Auto-Owners, the fact that the parties had different estimations of the value of a claim is not, under South Carolina law, evidence of bad faith on the part of the party offering the lower amount.

Collins argues, though, that because internal Auto-Owners documents suggest that at least one claims adjuster initially valued his claim at $150,000, Auto-Owners' $100,000 offer represented less than its own estimate of what the claim was worth, and was thus made in bad faith. We do not agree. "If there is reasonable ground for contesting a claim, there is no bad faith" even where the insurer makes no offer to settle. Snyder v. State Farm Mut. Auto. Ins. Co., 586 F. Supp. 2d 453, 458 (D.S.C. 2008) (citing Crossley v. State Farm Mut. Auto. Ins. Co., 415 S.E.2d 393, 397 (S.C. 1992)). Thus, because Auto-Owners had a reasonable ground for contesting the claim, and was not even obligated to make the initial $100,000 settlement offer, we cannot say it exercised bad faith in failing to make a higher offer.

We accordingly affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED